application is denied, and her petition dismissed; the costs of these proceedings to be assessed to the losing party in the injunction proceedings.

---

(48 South. 765.)

No. 17,266.

ANTEE et ux. v. D. C. RICHARDSON TAYLOR LUMBER CO., Limited.

(Feb. 1, 1909.   Rehearing Denied March 15, 1909.)

MASTER AND SERVANT (§ 233*)—INJURIES TO SERVANT—ASSUMPTION OF RISK.

A servant who selects an improper and dangerous route assumes the risk of resulting injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 702; Dec. Dig. § 233.*]

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by Pierre and Noeme Antee against the D. C. Richardson Taylor Lumber Company, Limited. From a judgment for plaintiffs in part, they appeal. Affirmed.

Joel Lafayette Fletcher, for appellants. Alexander & Wilkinson and Wise, Randolph & Rendall, for appellee.

LAND, J.   Plaintiffs sued to recover damages for the death of their son Louis, who was killed in defendant's sawmill in January, 1908.   Plaintiffs allege that their son was inexperienced and uninstructed, and was killed by coming in contact with a large driving belt operated across a narrow passageway.

It is charged that defendant was negligent in not furnishing sufficient lights and in operating the exposed belt.

Plaintiffs also sued for damages for another alleged injury to their son in the same mill a few days prior to his death, resulting from contact with another belt.

Plaintiffs also sued for $4.50 wages due their son at the time of his death.

Defendant for answer pleaded the general issue, and averred that the death of the plaintiffs' son was caused by his own gross negligence and want of care; that the deceased knew the location of the belt and had been warned against coming in contact with it; that the belt was open and visible, and if it was dangerous he assumed the risks therefrom.

The case was tried before the judge, who rendered judgment for the plaintiffs for the wages claimed, but otherwise rejected their demands.   Plaintiffs have appealed.

Louis Antee, a young man 21 years old, after working several days at the defendant's sawmill, was killed in the morning before daylight by coming in contact with the main driving belt where it crossed a narrow alley between the engine house and the mill.   This belt was running whenever the mill was in operation.   It was exposed.   The young man was attempting to pass through this unlighted alley, when he was caught by the belt and killed.   The evidence shows that this belt was almost invisible when it was dark.

The evidence tends to show that the alley was not intended for, and was seldom used as, a passageway, and that the deceased could have safely passed in other ways to the other side of the buildings.   The evidence also tends to show that the deceased knew the location of the belt and that it was in operation at the time.   It is hardly possible that he was ignorant of facts obvious to the dullest perception.

A servant, who without inquiry, selects an improper and dangerous route, assumes the risks of resulting injury.   Sauer v. Union Oil Co., 43 La. Ann. 699, 9 South. 566.

Where there are two avenues of travel, a person choosing the more dangerous one assumes all of its attendant and incidental

risks. Settoon v. T. & P. Ry. Co., 48 La. Ann. 807, 19 South. 759.

In the case at bar the deceased could have passed through the lighted building, but chose to attempt the passage of a dark alley, across which a large belt was operating at the time. The other injury was slight, and the alleged negligence of defendant is not shown.

Judgment affirmed.