## COLLINS v. LYONS ET AL.

(February 11, 1929. Opinion and Decree.)

W. J. and H. W. Waguespack, of New Orleans, attorneys for plaintiff, appellant.

Henry B. Curtis, of New Orleans, attorney for City of New Orleans, defendant, appellee.

WESTERFIELD, J. Plaintiff was injured March 10, 1925, by a fall, alleged to be due to a hole in the sidewalk, in front of the property owned by Mrs. Marie Celeste Lyons.

On March 5, 1926, or within five days of the prescriptive period she brought this suit against Mrs. Lyons, The Sew-

erage & Water Board and the City of New Orleans.

Mrs. Lyons filed an exception of no cause of action, which was maintained and no appeal taken therefrom. The case proceeded to trial on its merits and resulted in a judgment in favor of the Sewerage and Water Board and the City of New Orleans, dismissing plaintiff's suit.

Plaintiff appealed only from the judgment in favor of the City of New Orleans.

The responsibility of the City of New Orleans is alleged to be due to the fact that it had full knowledge of the condition of the sidewalk, through its administrative agent, the Sewerage and Water Board, and failed to make proper repairs, allowing the hole to remain uncovered at night (the accident happened at 9:15 P. M.) without lights in violation of an ordinance of the City.

The hole in the sidewalk, according to the evidence was about four feet wide, four feet long and four inches deep. Plaintiff alleges that as she approached the hole in the banquette she stepped on a loose brick and slipped, throwing herself into the hole. She sustained serious injuries for which she asks the sum of $15,000.00. The City of New Orleans denies the dangerous character of the sidewalk and avers that it had no knowledge of its defective condition.

This Court has repeatedly held that the City is responsible in damages for injuries due to a faulty sidewalk when it had actual or constructive knowledge of the defective condition and not otherwise. Wiltz vs. City, 2 La. App. 444, and authorities therein cited. In the Wiltz case, the facts were very similar to those in the case at bar. There the plaintiff alleged that she stepped into a hole on the side-

walk about nine inches wide ,one foot in length and from four to six inches deep, and that it was gross negligence on the part of the City to leave holes in the sidewalk. It was held that the City had no actual knowledge of the defect and could not be said to have constructive knowledge, consequently there could be no recovery.

In the case of James vs. City of New Orleans, No. 8950 of our docket, we held the fact that other persons besides the plaintiff were injured at the same locality, would not amount to constructive knowledge because "prior accidents at the precise place where plaintiff was injured, and caused by the same defect or obstruction would not necessarily show negligence on the part of the municipality."

The hole in the sidewalk, complained of in this case, while it may be said to have been unsafe in a sense, was nevertheless reasonably safe and that is all that the law requires.

Wiltz vs. City of New Orleans, 2 La. App. 444; Goodwin vs. City of Shreveport, 134 La. 820, 64 So. 762; Wagner vs. Point Pleasant, 42 W. Va. 798, 26 S. E. 352.

"Evidence that a brick in a sidewalk over which the plaintiff stumbled projected three-quarters of an inch above the surrounding surface, was not sufficient to present the question of negligence for the jury."

Covington vs. Belser, 137 Ky. 125, 123 S. W. 249.

There is testimony in the record to the effect that a patrolman, whose beat adjoins the one in which the defective sidewalk was located, knew of the existence of the hole and it is argued that the knowledge of this patrolman was notice to the City. In the first place, the officer referred to testified that the hole was not on his beat, and in the next place,

even if it be considered his duty to report it to the proper authorities, it was no part of the officer's duty to repair the defective sidewalk. It is not shown that notice of the defective condition of the banquette ever reached any City official charged with the duty of making repairs to sidewalks. The mere fact that the patrolman testified that he knew of the condition of the pavement without proof, in fact in the face of a denial, that any communication to that effect had been made to the City authorities, will not be sufficient to establish notice of the condition of the pavement in the City so as to make them responsible for their failure to repair it. Barnes vs. City of New Orleans, 4 La. App. 503.

Our conclusion is that the judgment appealed from is correct and it is therefore affirmed.