**LECARPENTIER v. N. O. PUBLIC SERVICE, INC.**

―――

(February 17, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)
(May 5, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

―――

Ernest J. Robin, of New Orleans, attorney for plaintiff, appellant.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This suit was brought by an aged man, Charles H. LeCarpentier, against the New Orleans Public Service, Inc., for damages for physical injuries sustained by him by reason of his having fallen into a post hole 18 inches wide and 6 feet deep, which had been dug by the defendant at the corner of Agriculture and St. Bernard avenue. There was judgment below in favor of defendant, and plaintiff has appealed.

While the appeal was pending in this court, the plaintiff died, and his son and heir, Louis LeCarpentier, has been made party plaintiff by proper proceedings.

The accident happened on May 26, 1926, at about 11:30 o'clock in the morning. Mr. Charles LeCarpentier was walking along St. Bernard avenue with the assistance of a cane and approached the corner of Agriculture street where the paving had been recently laid. He testified that he observed some workmen engaged at the corner and asked one of them by the name of Marvin whether he might use the sidewalk on Agriculture street, and, receiving a reply in the negative, proceeded across the St. Bernard avenue curb, into the street, turning toward the sidewalk curb on Agriculture street at a point about 35 feet from the corner. In attempting to regain the sidewalk he stepped into a hole which had been dug by the defendant, fell, and injured himself. It is alleged that the hole was improperly protected, in that it was covered by a 10-inch round pipe and an empty 12-quart tin bucket which was insufficient and insecure footing for a pedestrian.

The statement of plaintiff concerning the information given him by Marvin, to the effect that the sidewalk on Agriculture street was impassable, is denied by Marvin, and the fact is established that the pavement, though newly laid, was in use by, and safe for, pedestrians. The hole into which Mr. LeCarpentier fell was not in the paved portion of the sidewalk, but between the paved portion and the curb, in a space devoted to a grass plot and not primarily intended for use by pedestrians. There was a much safer way open to plaintiff than the one he adopted, which was by using the pavement. His choice of the more difficult and dangerous passage bars his recovery.

There were no barriers in his path which would indicate that the sidewalk was unsafe for use, and there would seem to have been no occasion for him to inquire concerning the safety of that part of the pavement. He chose the more difficult way, and must be considered to have assumed the risk incident to his choice. It is suggested that his physical condition, which was feeble due to his advanced age, and an impairment of his vision, from which he suffered, had much to do with the accident. These infirmities would seem to have influenced plaintiff in using the sidewalk instead of the more difficult route he selected. In any event he failed to exercise ordinary care in adopting the proper course and cannot recover.

In Thompson on Negligence, vol. 5, par. 6296, we find the following:

"The general rule is that one is bound to travel in the worked part of the Highway if it is in proper condition, and that damages will not be awarded for an injury received outside of such traveled part, where the traveler has left it without sufficient cause, although within the limits of the highway. It is a good expression of this rule to say that the traveler, whether a driver, a rider, or a pedestrian, who departs from the street or sidewalk, where he could have avoided injury and wanders off somewhere else, assumes the risk of his experiment. So, contributory negligence will be imputed to a pedestrian, who voluntarily and unnecessarily steps from a sidewalk into a hole. So, if a traveler errs in judgment, taking a side track upon a highway when the main track is passable and safe, although the sidetrack is generally used, and is there injured, the town cannot be held liable."

In Johnson vs. Canal & Claiborne R. R. Co., 27 La. Ann. 53, the plaintiff, who sought to recover from a street railway for the loss of one of his legs, was denied recovery, because he elected to take the more dangerous of two courses open to him—"one, absolutely free from risk of any kind; the other, full of danger."

In Settoon et al. vs. T. & P. R. R. Co., 48 La. Ann. 807, 19 So. 759, it was held that, "where there are two avenues of travel, and the more dangerous one is selected, the party injured cannot recover, if the injury inflicted was * * * incident to the route selected. The traveler assumes all risks in such cases." See, also, Kreye vs. Longville Long Leaf Lumber Co., 126 La. 767, 52 So. 1018; Antee et ux. vs. D. C. Richardson Taylor Lumber Co., Ltd., 123 La. 119, 48 So. 765; Roff vs. Summit Lumber Co., 119 La. 578, 44 So. 302.

In Barnes vs. City of New Orleans, 4 La. App. 503, a case in which plaintiff sued for injuries she received as a result of a fall caused by a hole in the sidewalk this Court held that:

"If that side of Toulouse street was bad she could have taken the other side. When two roads, one with and the other without danger, are open to plaintiff and she chooses the former * * * she cannot recover damages."

Whatever may have been the reason for Mr. LeCarpentier's action in leaving the sidewalk, entering the street, and returning to the pavement, it is clear that another and safer route was open to him, which he should have taken.

For the reasons assigned, the judgment appealed from is affirmed.