**QUAID et al. v. HEYMANN et al.** *

No. 14680.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1933.

868

Solomon S. Goldman and W. H. Sellers, all of New Orleans, for appellants.

H. W. & H. M. Robinson, of New Orleans, for appellees.

WESTERFIELD, Judge.

William M. Quaid died on the 7th of August, 1932, as the result of an accident caused by the fall of a canopy attached to the Audubon building on Canal street in the city of New Orleans. His four surviving sisters and one surviving brother bring this suit for damages against the owner of the building, Leon Heymann, and Heymann's insurance carrier, the General Accident, Fire & Life Assurance Corporation, Limited.

Plaintiffs claim $40,000, or $8,000 each, which in their petition is itemized as follows: (1) For the pain and suffering endured by their brother, William M. Quaid, whose right of action they have inherited, $3,000 each, or $15,000; (2) for the loss of companionship, love, and affection and the loss of support, $5,000 each, or $25,000.

The defendants admitted liability and the case was submitted to a jury solely upon the question of quantum. The jury awarded each plaintiff $2,700, or a total of $13,500, which the presiding judge considered excessive, and ordered that it be set aside, unless the plaintiffs entered a remittitur reducing the award to the sum of $1,500 to each of the sisters of the deceased and $1,000 to the brother, Charles A. Quaid. The plaintiffs refused to consent to a remittitur and a new trial was ordered, with the result that the second jury returned a verdict in favor of the plaintiffs, Misses Kate, Nano L., and Margaret E. Quaid, in the sum of $1,500 each, and in favor of Miss Mary Quaid (a blind sister) $2,500, and in favor of Charles A. Quaid, $1,000. The trial judge refused a second new trial and judgment was entered in accordance with the verdict of the jury. Defendants have appealed and plaintiffs have answered the appeal and asked for an increase in their respective awards.

■ Considering, first, the inherited cause of action based upon the suffering of plaintiffs' deceased brother prior to his death, we find that the canopy which fell on Quaid was constructed of steel beams and concrete, which, in falling, separated into large pieces, some of which fell upon him, crushing his legs, his chest, and his ribs, all of the ribs on the right side and about half of those on the left side. His right thigh was broken in two places, one a comminuted and the other a compound fracture. His chin was cut and he was, in short, very badly injured. The accident occurred at 5:30 in the afternoon and he was conscious until a short while before his death at 8:45 o'clock p. m. of the same day. During the three hours between the accident and his death, there can be no question of his intense and agonized suffering. In our opinion an award to each of the plaintiffs on this item of damage of $750 would be proper.

■ In regard to the second item of damage claimed, which concerns itself with the loss of companionship, affection, and support, the record indicates that the deceased was employed as a checker at the American Sugar Refinery, earning about $100 per month; that of this amount he paid into a common fund administered by his sisters the sum of $30 per month, deceased and his four sisters forming part of one household, and his brother, Charles A. Quaid, being married and residing elsewhere with his family. The deceased was 59 years of age and his brother and sisters were each of them older than he was. Their precise ages do not appear. Every member of the household was employed except Miss Mary Quaid, the blind sister, who, after having been a school teacher for 40 years, was retired on a pension of $48.75 per month. Miss Kate and Miss Margaret Quaid were also school teachers and employed in the public schools at a salary of $156 and $179 a month, respectively. Miss Nano L. Quaid worked in the public library at a salary of $90 a month. Each of the sisters had accumulated considerable savings, which had been invested in homestead stock,

which, due to prevailing conditions, has greatly depreciated in value.

The picture we get of the household excites our admiration: Four sisters and a brother, one of them blind, spending the evening of life together, all of them usefully employed, not excepting the blind sister, who, after a teaching career of 40 years, has retired and now devotes herself to the management of the household; a thrifty, intelligent, kindly group, mutually sustaining and helpful. The removal of the brother from this household was, we believe, a distinct and serious loss to the survivors, but, with the exception of the blind sister, we are not impressed with the claim for dependency. On the second item of damages claimed we will allow Mary Quaid $1,500, Kate Quaid, Nano L. Quaid, and Margaret Quaid, $1,000 each, and Charles A. Quaid, $250.

For the reasons assigned the judgment appealed from is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiffs and against the defendants, Leon Heymann and the General Accident, Fire & Life Assurance Corporation, Limited, in solido, in the following amounts, to wit, Miss Mary Quaid, in the sum of $2,250, Miss Kate Quaid, in the sum of $1,750, Miss Nano L. Quaid, in the sum of $1,750, Miss Margaret Quaid, in the sum of $1,750, and Charles A. Quaid, in the sum of $1,000; together with legal interest from judicial demand until paid, and all costs.

Amended and affirmed.