JANVIER, Judge.
This suit for damages for the cost of making repairs to the automobile of plaintiff is based on the charge that, as a result of a defect in a street in the City of New Orleans of which defect the City had prior knowledge, the car of plaintiff was damaged when the lower part of the transmission which is under the front end of the car struck a manhole cover located in the street.
The defense of the City of New Orleans is twofold. It contends that it had no prior knowledge, either actual or constructive, of the condition of the street, and that, if there was a defect such as is complained of, defendant himself was guilty of contributory negligence in driving his car over the defect and in allowing it to strike the manhole cover.
From a judgment in favor of plaintiff for $228.56, the amount sued for, the City of New Orleans has appealed. There is no dispute over the cost of repairs.
The accident occurred at about 11:15 o’clock on the morning of July 20, 1958, at the intersection of Milan and Roche-blave Streets, and there is no doubt as to its cause.
The roadway was obviously in bad condition, and in the center there was a depression about eleven inches in depth and apparently from three to four feet long and about five feet in width. Just on the edge of this depression there was a manhole of the Sewerage & Water Board of New Orleans, an agency independent of the City, and, although the top of the cover of this manhole extended only about one inch above what should have been the surface of the street, it is shown that, when the front ends of certain late types of automobiles dropped into this depression, that part of the mechanism which is called the transmission struck the top of the manhole cover.
The contention that the City had no knowledge of the dangerous condition of the street is annihilated by the evidence in the record.
The accident occurred on July 20, 1958, and it is shown that during April of that year Mr. William J. Smith, “a maintenance supervisor for the Department of Streets” of New Orleans, having received a complaint concerning the general condition of the street at that point, made an inspection of the street as a whole, though not of this particular depression. He said that he, with Mr. Davis, a general foreman of the street repair “plant”, made this inspection. There had been several other similar accidents in which other cars had struck the same manhole cover. We conclude from this that the condition at that time was such that either Mr. Smith, the maintenance supervisor, or Mr. Davis, the general foreman, should have noticed this condition.
Among the earlier accidents there had been one on May 5th, which was fifteen *903 days before this accident. A car of the Police Department of the City had been damaged by striking the same manhole cover. The Police Department, though it had not made a report of the accident to the City itself, had notified the Sewerage & Water Board. While this would not constitute notice to the City the occurrence itself indicates the condition of the street which should have been noticed during the “general” inspection made by Mr. Smith and Mr. Davis.
Mr. Wilber Yokum, who lived at that corner says that, having heard other automobiles strike the manhole cover on six or seven occasions, he had called on Mr. Paul Burke, one of the assessors of the City, and that Mr. Burke “made a contact out at the Maintenance Department and said something would be done about it,” and that while he was in the office of Mr. Burke the Maintenance Department was notified by telephone.
We next consider the charges of contributory negligence made against plaintiff. He says that, as he reached the intersection, he could see a “slight depression but nothing — I mean the whole street is hilly in that neighborhood.” He also said that the depression “grades down” on each side of the manhole cover.
It is very evident that there was something unusual about the appearance of that particular depression which prevented a careful driver who may have seen the depression from realizing the danger. Mr. Leo Ungar, who lived in the neighborhood, and had had a similar accident, was asked “if you come to that intersection you wouldn’t be put on notice that there was anything unusual,” and he answered “there was no way of knowing what was going to happen.” Mr. Yokum said that he knew about the depression “because of the people hitting it,” but when asked whether there would be danger to a person unfamiliar with the neighborhood, he answered: “Well, even familiar with it, until you hit it, you wouldn’t know.”
The fact that so many earlier similar accidents had occurred would seem to indicate that there was something about the depression or the general situation which prevented the danger being actually noticed by drivers of automobiles. In fact, it is shown that if an automobile entered the depression except squarely in the middle, the manhole cover would not strike the under part of the car.
Under all the circumstances we feel that plaintiff was not guilty of contributory negligence in not realizing the danger.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.