129 So.2d 913 (1961)
Audrey B. FOSTER
v.
EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD.
No. 5334.
Court of Appeal of Louisiana, First Circuit.
April 10, 1961.
Rehearing Denied May 22, 1961.
Certiorari Denied June 29, 1961.
*914 L. B. Ponder, Jr., Amite, for appellant.
Henry N. Richardson, Bogalusa, for appellee.
Before ELLIS, LOTTINGER, HERGET and LANDRY, JJ.
HERGET, Judge.
This is an action in tort instituted by the plaintiff for the recovery of substantial damages for bodily injuries she allegedly sustained when she fell while walking on an alleged defective sidewalk in the City of Bogalusa. She sued both the City of Bogalusa and its alleged liability insurer, Employers Liability Assurance Corporation, Ltd. A similar suit was filed in the Federal court under the direct action statute against the alleged insurer, Employers Liability Assurance Corporation. A motion was filed to dismiss on behalf of defendant insurance company in the Federal court on the ground that there was no coverage under the policy between the company and the city for injuries received from defective sidewalks, and on August 26, 1959, the Federal District Court rendered judgment rejecting the plaintiff's demands and dismissed the suit. That judgment was affirmed by the Fifth Circuit Court of Appeal, 275 F.2d 40. Subsequently, a plea of res judicata was filed in this suit in the State court on behalf of defendant insurance company and exceptions of no right and no cause of action were filed on behalf of both defendants in said court. The trial judge sustained the plea of res judicata as to the insurer and rejected it as to the city (however, the record does not reflect any such plea was filed on behalf of the city). The exceptions of no right and no cause of action were sustained as to both defendants and the suit was dismissed. Plaintiff has appealed, specifying three errors:
1. It was error for the court to sustain the plea of res judicata.
2. It was error for the court to sustain the exception of no right and no cause of action filed by the defendants.
3. It was error for the court to dismiss plaintiff's action without a trial upon the merits.
We will first dispose of the second error, viz., that the trial court erred in sustaining the exception of no right and no cause of action. The pertinent allegations of the petition necessary to determine whether or not a cause of action has been set forth herein are Articles 3, 5, 6 and 8, as follows:

"3
"Your petitioner shows that on or about the 5th day of August, 1958, at approximately 7:30 P. M. that she was walking upon the public sidewalks of the City of Bogalusa in particular along *915 a portion there which is paved with bricks; that while so walking she stepped upon a brick which turned due to the fact that it was loose and faulty and improperly maintained and in the fall received a comminuted fracture of the left ankle and left leg, requiring extensive operation for open reduction thereof resulting in much pain and suffering to petitioner, hospitalization expenses and lose of income all by reason of the negligence of the City of Bogalusa, Louisiana, its agents and employees.
"5
"* * * petitioner pleads that the City of Bogalusa was negligent in its failure to keep up the sidewalks of the city; in maintaining a brick sidewalk which is dangerous; in the maintaining of a brick sidewalk improperly constructed without supervision and repair to replace and remortar loose and misplaced bricks; in maintaining sidewalks in a dangerous condition, hazardous to the public well knowing that serious injury and disability would result therefrom and negligently failing to inspect the sidewalks periodically, and to maintain a nuisance and trap for unsuspecting pedestrians well knowing that disability and injury would result therefrom such a worn out antequated sidewalk.
"6
"Petitioner shows that she was guilty of no contributory negligence and that the accident was caused solely and wholly through the fault, neglect, lack of supervision and care of the City of Bogalusa, its officials, street commissioner, safety engineers and employees.
"8
"Your petitioner shows that for a valuable consideration the defendant, Employers Liability Assurance Corporation, Ltd., Boston 7, Massachusetts issued it Public Liability Policy to the City of Bogalusa insuring it against all liability to the public and in particular damages to your petitioner who has a direct action at law against the liability insurer."
Municipalities are subject to liability in the State of Louisiana for failure to use reasonable care in maintaining streets and sidewalks. However, in order for a plaintiff to recover, he must allege and prove that the defect in the street which caused his injury was patently and obviously dangerous and that the municipality had actual or constructive notice of the dangerous condition of said sidewalk. Actual notice to the municipality consists of knowledge of the dangerous condition by an officer or employee having the duty to keep streets and sidewalks in good repair or having the duty to report such defects to the proper authorities. Weinhardt v. City of New Orleans, 125 La. 351, 51 So. 286; Miller v. City of New Orleans, La.App., 152 So. 141; Landry v. New Orleans Public Service, La.App., 149 So. 136; Geismar v. City of Alexandria, La.App., 142 So. 367; Collins v. Lyons, 9 La.App. 736, 120 So. 418. Constructive notice to the municipality of a defect consists of said defect existing for such a period of time that it should have been discovered and repaired had the city exercised reasonable care. Robinson v. City of Alexandria, La.App., 174 So. 681; Hebert v. City of New Orleans, La.App., 163 So. 425; Geismar v. City of Alexandria, supra.
While the District Judge did not give written reasons for sustaining the exception of no cause of action, we assume that he did so on the ground that the petition set forth no facts showing either actual or constructive notice on the City of Bogalusa. It is true that in Article 5, it is alleged that the city maintained a brick sidewalk improperly constructed without supervision, and negligently failed to repair or to replace and remortar loose and misplaced bricks and that the city was further negligent in failing to inspect the *916 sidewalks periodically. However, it is not alleged in this article nor for that matter in any other article in the petition that the city had actual notice of the defect and consequent dangerous condition of the sidewalk nor is it alleged for what length of time said defect had been in existence. Thus, plaintiff has failed to allege either actual or constructive notice on the part of the city of the said defect and such failure defeats the plaintiff's cause of action.
In Parker v. City of New Orleans, La. App., 1 So.2d 123, Justice McCaleb, now a member of the Louisiana Supreme Court, reviewed the jurisprudence with respect to the liability of a municipality for injuries to pedestrians using its streets. At page 124 of the opinion he cited numerous Louisiana cases and stated:
"These authorities establish the rule that, in order for a pedestrian to hold a municipality responsible for injuries occasioned by defects in its sidewalks, streets or highways, it must be shown (1) that the unsound condition complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent person and (2) that the municipality had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it. In other words, if the defect is slight, there can be no recovery and, even if it is patently dangerous, the municipality is not responsible unless it has had actual notice of it or unless the condition has been permitted to remain in its dangerous state for such a length of time as to warrant the conclusion that the municipality is negligent in failing to discover and correct it."
The petition in this Parker case alleged that the Commissioner of Public Works of the city, his agents or employees, knew that the curbing was defective some three or four months before the accident but no proof was offered by the plaintiff to sustain the allegation, and in this connection the court stated at page 125:
"While it is true that plaintiff has been unable to establish that the City had actual notice of the defect, there is testimony in the record exhibiting that the hazardous condition had been in existence for approximately two months prior to the accident and that two other persons had previously fallen as a consequence of the defect. This evidence, which has not been contradicted, is, we think, sufficient to charge the defendant with constructive notice of the danger."
In the present case the petition contains no allegation of actual notice and, further, there is no allegation fixing any length of time that the defect had existed in order to constitute constructive notice. See also Cobb v. Town of Winnsboro, La.App., 49 So.2d 625, and White v. City of Alexandria, La.App., 35 So.2d 810. There are exceptions to the rule that prior notice is necessary, such as where a city creates an excavation or other dangerous condition in or near a street or sidewalk. Lemoine v. City of Alexandria, 151 La. 562, 92 So. 58; Nessen v. City of New Orleans, 134 La. 455, 64 So. 286, 51 L.R.A.,N.S., 324; Carlisle v. Parish of East Baton Rouge, La.App., 114 So.2d 62; Haindel v. Sewerage and Water Board, La.App., 115 So.2d 871; O'Pry v. City of Opelousas, La.App., 124 So.2d 333. The above type cases are the ones relied on by plaintiff herein and no notice is required in that type of case because the municipality is considered to have notice through the negligent act of its employee who created the dangerous condition causing the injury. For these reasons, we are of the opinion that the plaintiff has failed to set forth a cause of action against the City of Bogalusa and the alleged liability insurer can, of course, not be held where its principal, the insured city, has been released from the suit.
In view of the ruling sustaining the exception of no cause of action, we consider *917 it unnecessary to consider the exception of no right of action as well as the plea of res judicata filed on behalf of the defendant. We, however, further note that plaintiff complains that the trial court erred in refusing a trial upon the merits because in the cases relied upon by defendant all of them were tried upon the merits. This is not wholly correct for the defendant relied on the case of Varnado v. City of Baton Rouge et al., 5 La.App. 238, wherein the court sustained an exception of no cause of action and the allegations of the petition were quite similar to the allegations in the present suit. In addition, we notice in Cobb v. Town of Winnsboro, supra, cited by defendant, the Court of Appeal stated that the petition did not state that the officers, agents or employees of the defendant town had notice of the alleged defective condition of the street, actual or constructive, nor the length of time said defect had existed. Defendant had excepted to the petition in the District Court as not disclosing a cause of action and the exceptions were overruled by the District Judge. At page 626 of the opinion in 49 So.2d the Court of Appeal stated:
"The exceptions were overruled. They are not urged here. Casual consideration of them, in the light of the allegations of the petition, does not leave us with the impression that they are without merit, but, since the case was tried on the merits, we shall direct our attention and consideration only to that phase of it."
From the above language, it is apparent that had the exception of no cause of action been urged on appeal it would have been sustained by the court.
For the reasons stated, the judgment of the District Court rejecting the plaintiff's demands is affirmed.
Affirmed.
JONES, J., recused.