GLADNEY, Judge
(dissenting).
I respectfully dissent for the reason that I do not believe actual notice to a police officer or the police department of the dangerous condition of a sidewalk constitutes notice to the city.
In Parker v. City of New Orleans, La.App., 1 So.2d 123, 124 (Orl.1941), McCaleb, J., discussed the requirements for liability of a municipality for injuries to pedestrians using its sidewalks;
“ * * * in order for a pedestrian to hold a municipality responsible for injuries occasioned by defects in its sidewalks, streets or highways, it must be shown (1) that the unsound condition •complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent person and (2) that the municipality had notice, either actual or constructive, of the existence ■of the defect and failed within a reasonable time to correct it.”
In Barnes v. City of New Orleans, La.App., 4 La.App. 503, (Orl.1926) it was held that actual notice to the city required notice 4o “some official charged with the duty of ■making repairs to sidewalks.”
In Collins v. Lyons et al., La.App., 9 La.App. 736, 737, 120 So. 418, 419 (Orl.1929), the court stated:
“There is testimony in the record to the effect that a patrolman, whose beat adjoins the one in which the defective sidewalk was located, knew of the existence of the hole, and it is argued that the knowledge of this patrolman was notice to the City. In the first place, the officer referred to testified that the hole was not on his beat, and, in the next place, even if it be considered his duty to report it to the proper authorities, it was no part of the officer’s duty to repair the defective sidewalk. It is not shown that notice of the defective condition of the banquette ever reached any city official charged with the duty of making repairs to sidewalks. The mere fact that the patrolman testified that he knew of the condition of the pavement without proof, in fact in the face of a denial, that any communication to that effect had been made to the city authorities, will not be sufficient to establish notice of the condition of the pavement in the city so as to make them responsible for their failure to repair it.”
And, in Miller v. City of New Orleans, La.App., 152 So. 141, 144 (Orl.1934) the court remarked:
“* * * Of course, the rule is that actual notice must be given to the proper department, or to the proper officer.
“ ‘Whether knowledge of an obstruction or defect in a highway on the part of a municipal officer or employee is to be deemed the knowledge of the municipality, depends on whether or not the officer or employee has any duty to perform in regard to its removal. * * *’ Ruling Case Law, Vol. 13, § 283, page 345.”
See also Scott v. City of New Orleans, La.App., 115 So.2d 901 (Orl.1959).
The only judicial expression in our jurisprudence which may lend support to the view that knowledge of the dangerous condition by a police officer constitutes actual notice to the municipality is contained in Foster v. Employers Liability Assurance Corporation, Ltd., La.App., 129 So.2d 913 (1st Cir.1961), where the court stated that knowledge by an officer or employee having the duty to report such defects to the proper authorities was sufficient to constitute actual notice to the municipality. Examination of the cases cited therein reveals no authority for this proposition.
I believe the better rule and the law of this State is that actual notice to the municipality consists of knowledge of the dangerous condition by an official or employee charged with the duty of keeping *444 streets and sidewalks in good repair. As a police officer has no duty to repair a defective sidewalk, notice to him or his department does not constitute notice to the municipality. As no official having such duty received notice of the dangerous condition, plaintiffs should not recover.
Rehearing denied; GLADNEY, J., dissents.