SAVOY, Judge.
This is a damage suit filed by plaintiff against defendants, F. Miller & Sons, Inc., C. L. Guild Construction Company, Inc., Newman Truck Line of Hammond, Louisiana, Bane & Massingale, Inc., and Travelers Insurance Company. For a cause of action, plaintiff alleges that he was employed as a member of the Lake Charles City Police Department; that his duties required that he patrol the area between Church and Belden Streets on Enterprise Boulevard in the City of Lake Charles; that on the night of December 26, 1959, at approximately 7:30 P.M., he was walking south on the sidewalk west of the paved street portion of Enterprise Boulevard; that it -was raining at the time and the surrounding area was dark; that the defendants, who are all contractors with the exception of Travelers Insurance Company, the insurer of F. Miller & Sons, Inc., were, on December 26, 1959, engaged in the construction of an excavation for an overpass located about 250 feet from the intersection of Enterprise Boulevard and Church Street; .and that while in the process of constructing and building the overpass, they made certain excavations and tore up certain portions of the sidewalk on the west side of Enterprise Boulevard-causing a step-off with an extremely slippery, jagged and dangerous area exposed where the concrete sidewalk was located. Plaintiff further alleges that on the night' of December 26, 1959, at the hour aforesaid, he was walking south. on the sidewalk of Enter7 prise Boulevard, - making his regular beat as a policeman, and while traveling in that direction, he approached the place where the excavation. had been' made and he- *524 slipped in the excavation and received a back injury.
Plaintiff also alleges that the sole and proximate cause of the accident was the negligence of the defendants in the following particulars:
“(1) They failed to place a barricade in front of the opened sidewalk made by them.
“(2) They failed to place warning signs at the dangerous approach on the sidewalk.
“(3) They failed to have flares and other warnings posted, warning the oncoming public of said open excavation, and demolished sidewalk, which had been made by them.
“(4) They failed to fill in the open area where the sidewalk was destroyed by them.
“(5) They failed to place any substance in the area that would prevent persons walking on the sidewalk from slipping and falling.
“(6) They allowed jagged and dangerous concrete blocks to remain in the walk-way.
“(7) They allowed mud and slippery substances to remain in the walkway.”
Plaintiff avers that the above-described acts of negligence were the direct and proximate cause of his injuries in that .the sidewalk in which "the open excavation had been' made' by defendants was dangerous, and that they had actual notice of its dangero'us condition, or by the -exercise of reasbnable' care, they-should have ascertained the-dangerous condition of the excavation, ■ but -they allowed it to remain open and unguarded, with - ho warnings whatsoever; until after the accident; Plain1tiff' also, 'alleges fh'át' he" - suffered1 a: ruptured; intervertebral-disc 'in the-lower- back aá á.-result' of the'dcci'déht;'>’that'-as such; he is -totally -and permanently disabled from performing the - duties Of a1 policeman. Plaintiff then itemized-his’ damages; -1
The Fidelity and Casualty Company of New York intervened in’ the suit alleging that it had paid plaintiff certain payments under the Workmen’s Compensation Act as the insurer of the City of Lake Charles, and asked that in the event there be judgment for the plaintiff, that it recover the amount so paid, together with reasonable attorney’s fees.
C. L. Guild Construction Company, Inc., one of the defendants, filed an answer stating that they should not be held responsible in the instant .case for the reason that under their contract with F. Miller & Sons, Inc. they were not to do any excavation work; that they were not guilty of any negligence giving rise to the accident and injuries which resulted therefrom. Alternatively, they pled contributory negligence on the part of plaintiff. They also filed a general denial to the petition of intervention filed by Fidelity and Casualty Company of New York.
F. Miller & Sons, Inc. and Travelers Insurance Company, insurer of Miller, denied generally the allegations contained in plaintiff’s petition, and further answering plaintiff’s suit, alleged that the negligence of the plaintiff was the sole and proximate cause of the accident, which acts of negligence are alleged to be as follows:
“(1) That he failed to keep a proper lookout in that he had walked this beat a great number of times and knew or should have known the condition of the area;
“(2) That if, in fact, he did fall into some type of excavation, then he did so without taking cognizance of the conditions around him, which would put a reasonably prudent person on notice that construction was in progress in ,;. r the-area; ,, ,. ,, ■ -
"(3) That1 since the plaintiff alleges . ■ he was a member of the "Lake' *525 Charles City Pólice Department, and that'his duties required hita to patrol this area regularly, then he had actual notice of any -condition in the area of his' beat which- might have'created 'a' dangerous hazard;
“(4) That he failed and disregarded warnings that construction was underway in the area; ,
“(5) That he failed .to see what he should have, seen.”
After a lengthy triál on the merits, the district 'judge rendered judgment in favor of plaintiff and against defendants, F. Miller & Sons, Inc. and Travelers Insurance Company, in solido, in the sum of $25,929.94. Further, there was judgment in favor of Fidelity and Casualty Company of New York for the amount they had paid the plaintiff as workmen’s compensation, together with attorney’s ’fees in’the sum of $350.00. There was also 'judgment in favor of all the other defendant's, rejecting plaintiff’s demand as to them and dismissing his suit. From this judgment F. Miller & Sons, Inc. and Travelers Insurance Company have appealed , to this Court.
Counsel for appellants, in his brief , and oral argument, assigns numerous .errors made by the trial judge. For-, the. purposes of this, discussion, we will treat, the assignment of errors .as two (2) issues. First, whether defendant, F. Mille.r & Sons, Inc., was negligent in the instant case; and, second, if the answer is in the affirmative, whether plaintiff was contributorily negligent so as,to, bar his recovery.
The evidence reveals that on-the'’26th day of December, 1959, plaintiff wás employed as a sergeánt on the Lake Charles City- Police force at á -salary of'approximately $400.00 per month. His duties required him to walk a beat in the vicinity of north Enterprise Boulevárd' and surrounding area in the ’City of Láke- Charles. During the month of'December, 1959, and for some time prior thereto, F. Miller & So'ns,' fnc. was -a general‘-contractor-‘engaged in'the1 construction of -ah’expressway óver Entérprise Boulevard, the boulevard running generally north and south,' between Church 'and Belden Streets, these twó (2) streets running ■ east and west; The construction area began at Belden- Streét, which was the -south’ line of the right-of-Way,' and extended northward 30 feet 'to within ‘approximately .50 feet of Church Street. ,
During the fnonth of - December, 1959, the defendant' general contractor, or one of his sub-contractors, was" excavating a large hole, for the purpose, of driving -pilings so that concrete columns could bp poured, and heavy equipment, was used in order to do this work. At approximately 7:30 ,P.M. on .the 26th of December, 1959, plaintiff was walking north on Enterprise Boulevard, and as he approached the locality of the, construction activities, he passed the large excavation .where- the concrete pilings , were to be placed, and then. returned to the sidewalk and continued in a northerly direction. He proceeded along the sidewalk to a point abput.75. feet nortli of the excavation, and fell in a hole containing mud, water and concrete. He w.as found by two (2) passersby who assisted in removing him from the hole.
The two witnesses who' helped plaintiff out of the hole were Sattisfiel Landry and Bernice' Lewis. Both witnesses testified that where plaintiff fell'there was a’large hole in the sidewalk' surrounded by broken concrete;' that the lighting conditions we’re bad; and, there were'no flares, no barricades or warning signals at the place where the .fall occurred., ■ Their . testimony >also revej.ls.that .it had been raining, on i.tlre night in question, and that it, was very, dark.
We will now direct ours'elves to the first issue' in the case at bar,' namely, whether defendant, F. Miller & Sons, Ihci, wá's negligent' in the instant casé.
Leo McDaniel, an attorney at law practicing in the City of Lake Charles, Louisiana,’testified1 that at the1 timé-of-th'é1 ácci-dent, he had a‘‘lhw'' office -on Enterprise *526 Boulevard a short distance from the scene of the accident; that on many occasions he passed by the work being done by F. Miller & Sons, Inc. or its sub-contractors. Fie stated that trucks and heavy equipment ran over the sidewalk in the vicinity of the accident during the time that the work was being performed. He saw the name of defendant, Miller, on some of the equipment.
After reviewing the record, this Court is of the opinion that the sidewalk was damaged by defendant contractor or by one of its sub-contractors.
The deposition of one Alex Thoten was introduced in evidence, the said party having departed this life before the trial occurred. Thoten testified that it was his job to see that flares and other safety precautions were taken on the particular job for defendant contractor in the instant case. He testified that in December, 1959, a portion of the sidewalk on Boulevard was broken and caved in; that it was his opinion that the cave-in was caused by rain; and that the reason for the sidewalk cracking was the digging operations for the installation of the piers. He stated his job was to place a barricade or flare where the sidewalk washed out. He also stated that he placed barricades and flares where the hole was and where the sidewalk was broken. However, this testimony was refuted by the testimony of Sattisfiel Landry and Bernice Lewis, two (2) disinterested witnesses who testified with certainty that at the time they helped plaintiff, there were no flares or barricades near the scene of the accident.
Under the terms of the contract with the State of Louisiana, the general contractor in the instant case was under a duty to warn the public of any dangerous condition in the area in which it or its subcontractors were operating. This duty is set forth iñ the contract between the parties. The pertinent provisions read as follows:
“Signs, barricades, etc., will be required during such time as the con- ■ tractor’s work is in progress on the portion, or portions, of the work covered by the work order (partial or full), or when his operations are suspended but the traveled portion of the road is not in such condition as to be safe for the traveling public. During such time that barricades are not in place, appropriate regulatory signs shall be erected and maintained by the contractor. This shall in no way be interpreted to mean that the contractor is relieved of any of his responsibility for the safety of the public as provided in Article 7.08, Division 1 of the standard specifications.
>}: * * sjc >¡í
“The contractor shall provide, erect and maintain all necessary barricades, suitable and sufficient red lights, danger signals and signs, provide a sufficient number of watchmen and take all necessary precautions for the protection for the work and workmen and safety of the public. Highways closed to traffic shall be protected by effective barricades on which shall be placed acceptable warning signs. The contractor shall provide and maintain warning and detour signs at all closures, intersections and along the detour routes, directing the traffic around the closed portion or portions of the highway, so that the temporary detour route or routes shall be indicated clearly throughout its or their entire length. Such warning and detour signs shall conform to the Louisiana Manual on Uniform Traffic Control devices. All barricades and obstructions shall be illuminated at night and all lights shall be kept burning from sunset until sunrise. As a precaution against failure of lights, all barricades placed by the contractor shall be equipped with reflector buttons, disc, scotch light or other suitable light reflecting materials satisfactory to the engineer. The contractor will be held responsible for all damage to the project due to failure of *527 the signs and/or barricades to properly protect the work from traffic, pedestrians, animals and from all other sources, and whenever evidence of any such traffic is found upon the unaccepted work, the engineer will order that the work, if in his opinion it is damaged, be immediately removed and replaced by the contractor without cost to the department. The contractor’s responsibility for the maintenance of barricades, signs, and lights shall not cease until the project shall have been completed and accepted.”
After an examination of the record, we conclude that the general contractor, F. Miller & Sons, Inc., was negligent in not placing flares or other warning devices as provided for in the contract.
Able counsel for defendant states in his brief that a contractor is not the insurer of the safety of pedestrians, but is only under a duty to keep sidewalks reasonably safe. In support of this contention, he cites the cases of White v. City of Alexandria, 216 La. 308, 43 So.2d 618; and, Massicot v. City of New Orleans, (La.App., Orl., 1950), 43 So.2d 621. The case of White v. City of Alexandria, supra, is distinguishable from the instant case in that there was a large street light which illuminated the place where the accident occurred; whereas in the instant case, the evidence is that it was dark at the occurrence of the accident. The Massicot case, supra, is distinguishable from the case at bar in that the court found there was no substantial defect in the sidewalk and that the sidewalk was well lighted.
The duty of a contractor in a situation as exists in the instant case is set forth in the case of Burke v. Werlein, 143 La. 788, 79 So. 405.
The contract between the State and Miller required that the sidewalks be left open for pedestrians. Had the contractor or the sub-contractor not broken the portion of the sidewalk where the accident occurred, it would not have been under any duty to the plaintiff. However, since the defect in the sidewalk was caused by the action of Miller or its sub-contractor, it was then under a duty to warn the public of the dangerous condition thereof by placing flares or other suitable warning devices near the defect in the sidewalk.
We will now discuss the second issue, namely, whether the plaintiff in the instant case was contributorily negligent so as to bar his recovery.
The record reveals that on the night of the accident in the instant case, plaintiff was walking on the sidewalk on the west side of Enterprise Boulevard in a northerly direction; that when he came to the place where the excavation for the pilings was located, he stepped from the sidewalk into the street until he reached a point where the excavation work had stopped, and then returned to the sidewalk, at which time the jagged portion of the concrete gave way and he fell into the hole. The evidence also reveals that in the performance of his duties he had to wear a dark uniform, and that several days before the accident, he had almost been run over by a car. We are of the opinion that the plaintiff did what any reasonable man would have done under the same circumstances, and find that he is not contributorily negligent in this case.
Having determined that the defendant, F. Miller & Sons, Inc., was negligent in the instant case and that the plaintiff did not contribute to the accident, the next issue for determination is the matter of quantum.
Without giving a detailed analysis of the medical testimony, the preponderance of said evidence is to the effect that plaintiff suffered a ruptured intervertebral disc in the lower back. This was the opinion of Dr. Jerome W. Ambrister and Dr. Edward W. Phillips, Jr., who examined the plaintiff on behalf of the defendant insurance company.
Defendants contend that the award in the instant case is excessive, whereas plaintiff contends that the award is too low and has *528 answered the appeal asking for an increase in . the award.
Counsel for defendants has cited many cases ■ in support of his position that the award is excessive; however, in many of the cases cited, a ruptured disc was not involved; and, where disc cases were involved, the facts, were different from the instant case.
.- In the instant case, plaintiff suffered a herniated disc, was 36 years of age at the time of the trial and was earning approximately $4,800.00 per year. According to the medical testimony, his condition is not expected to .improve in the future.
We are of tlie opinion that plaintiff is entitled'to an. award of $45,000.00. which, includes medical..expenses, pain and suffering, permanent, disability, and loss,of earnings. See Whatley v. Scogin, (La.App., 3 Cir., 1962), 143 So.2d 833; Turner v. State, (La.App., 2 Cir., 1962), 137. So.2d 456; Fullilove v. U. S. Casualty Company, (La.App., 1961),, 129 So.2d, 816; Hidalgo v. Dupuy, (La.App., 1 Cir., 1960), 122 So.2d 639.
 This, award includes..,the -loss of, wages,;which the recorc^shows .to hfiye been in^excess. of Jjip,0.00.00 at the tipie of trial,. Of course, it is wells settiep that Jhe wrongdoer is not entitled to have the damages for-rioss-'of earnings 'and! loss1’of .eariiiiig polverf reduced--by’compensation or -pension1 payments ’paid do the injured party-from-a-colateral - sourde, to ’'ivhich" the' wrongdoer - does toofcontribiite.1 ’ See 25'C.JiS’.-'Damages § 99; ^ and, 15 Am.Jur. Damages § 20.1,. ,.
: Counsel-.for .the, intérvenor. ¡was- awarded-attorney’s; fees ¡in ¡the sum.of $350.00 by the district-judge, i,He-now'admits; in his brief that-the, district judge wa's in-error, in-rna-k-ixig-.this .award. .-.We-.will,, therefore, .a-rAend’ the.-judgment’of the.district court,So-.as to’ disallow the-claim ,for-¡attorney’s fees-for, the attorney for the intervenor in the sum: of $350.00. ..... (
■,-,Bqr. the, reasons aspign.ed, the judgment, o|.jithe„district. court, is amended by,,-inr creasing the award to plaintiff from the sum of $25,929.94 to the sum of $45,000.00, and by disallowing the sum of $350.00* granted by the trial judge to the attorney for the intervenor; and, as amended, it is affirmed at appellants’ costs.
Amended and affirmed.