FRUGÉ, Judge.
This suit results from an automobile accident which occurred on September 19, 1962, in Lake Charles, Louisiana. The case was tried before a judge and jury and plaintiff was awarded $37,500 for injuries sustained as a result of the accident. From this judgment defendant appeals.
On appeal, defendant does not contest the lower court’s determination that its insured was negligent. It does, however, contend that the medical evidence advanced at the trial does not support an award as high as $37,500.
Plaintiff argues that he sustained a herniated disc as a result of the accident and is still suffering from it. Defendant takes the position that plaintiff did not sustain a herniated disc, but only sustained a lumbo-sacral sprain from which he fully recovered in six to nine months.
Plaintiff’s evidence is best summarized by the testimony of Dr. Brown, an orthopedic surgeon from Houston, Texas. Dr. Brown testified that after the accident plaintiff “began to get a headache and was carried by automobile to Memorial Hospital in Lake Charles, and no doctor was there, so he was carried to St. Patrick’s Hospital where he remained from about 7:00 o’clock A.M. to twelve o’clock A.M. He was seen there by Dr. Phillips, who examined him and X-rayed him and gave him medicine. He then stayed at home from that Wednesday morning until Monday morning, when he had to be taken to Memorial Hospital where he remained 14 days under Drs. Snatic and Guilbeau. His neck had got stiff on him and he had pain in his lower back so that he could scarcely walk. He had traction on his head for seven days and had traction on his hips seven days. He got out of the hospital and stayed at home for a week, and then he went back in the hospital for 15 days. After he was released from the hospital he was given 20 days of physiotherapy treatment, and he is still hurting. He is better, but hasn’t improved any in the past four months. His lower back still bothers him, but it doesn’t hurt when he sits down. His lower hack hurts him sometimes when he is lying down, and he has to get up out of bed at 2:00 o’clock in the morning and'walk for a while. His feet usually swell severely in the evening if he walks around quite a bit during the day. They go down after he gets in bed at night. There is a space in his back three or four inches high where the pain is, and that’s in his lower back, and then it goes down into his right hip and goes down into the heel of his right foot. If he sits for a good while, both the legs get numb. The back of his neck starts hurting, and it goes up into the back of his head. His neck hurts all of the time and his head, too. It gets better and worse by turns. It is not worse at any certain time. It is worse when he gets tired. The other night he went to watch a little league ball game and had to leave. That traction is the only thing that really has helped his neck. They claim that the muscles in the back of his neck were broken, and he still has a bump in there. He returned to work two weeks ago as an iron-worker. The first week he worked three or four hours a day. Last week he worked two *318 days for eight hours and one day for five hours. He worked all day yesterday, but he doesn’t believe he could have made it this morning. When he turns his head it feels as though there is a scratching in the back of his neck and it feels as though he has sand in his neck.” Dr. Brown also testified that he performed a myelogram on plaintiff and the results of that test showed that plaintiff had sustained a herniated disc.
Dr. Tyner, an X-ray specialist, and Dr. Guilbeau, a general practitioner, both testified that they had reached the conclusion that plaintiff was suffering from a herniated disc.
Defendant’s evidence, which is in conflict with plaintiff’s, shows the following: Dr. Edelman, a neurosurgeon, examined plaintiff on March 26, 1963. He stated that he found no abnormalities in the plaintiff as a result of the examination. Dr. Edelman examined plaintiff again on November 27, 1963, and still felt that plaintiff had no sign of a herniated disc. Dr. Edelman also examined X-rays made in connection with the myelogram performed by Dr. Brown. Dr. Edelman stated that a very poor technique had been used in doing this myelogram, and in spite of this myelogram he still felt that plaintiff had not sustained a herniated disc.
Dr. Phillips, an orthopedic surgeon, examined plaintiff on September 19, 1962, after the accident. His examination drew him to the conclusion that plaintiff had not sustained a herniated disc. Dr. Morin, an orthopedic surgeon, examined plaintiff in October of 1963. After completing an orthopedic examination he concluded that plaintiff had completely recovered from the accident and that he could return to his work as an iron worker without any orthopedic difficulties.
Dr. Hatchette, orthopedic surgeon, examined plaintiff in March of 1963. Dr. Hatchette concluded that plaintiff had satisfactorily recovered from the accident and was able to return to his normal duties.
When there is apparent irreconcilable conflict in expert medical testimony, determination of the extent of injuries is a question of fact which must be decided by the jury after it evaluates all the evidence. Austin v. Industrial Lbr. Co., La.App. (1st Cir.), 8 So.2d 727. After the jury makes this determination, this court will not overrule it unless the record discloses that the jury has committed manifest error in its findings. In the case before us the record does not reflect that the jury has committed manifest error. We therefore affirm its findings that the plaintiff sustained a herniated disc as a result of the accident of September 19, 1962. Under such a finding, the award of $37,500 make by the district court is not excessive. See Matthews v. F. Miller & Sons, Inc., La.App. (3d Cir.), 146 So.2d 522, and cases cited therein.
Defendant also prays for a reversal because of certain alleged irregularities during the trial in the district court. Defendant alleges that one of the jurors failed to state that he was acquainted with plaintiff’s counsel. It also alleges that plaintiff was permitted to argue to the jury after defendant had attempted to settle plaintiff’s claim, over objection by defendant’s counsel. Lastly, defendant alleges that plaintiff was permitted, over objection of defendant’s counsel, to argue to the jury that defendant might modify an excessive verdict, but that plaintiff had only “this day in court; ” defendant argues that this statement suggested to the jury that defendant enjoyed the right of appeal, whereas the plaintiff did not.
Defendant does not rely very heavily on the above objections. They were argued to the trial judge on a motion for a new trial. We are certain that the trial judge carefully considered these objections, and, after doing so, concluded that there was no prejudicial error which would warrant a new trial. We agree with the trial judge’s conclusion, and, accordingly, find no prejudicial error warranting a reversal.
*319 For the foregoing reasons the judgment of the district court is affirmed. Defendant is assessed costs of this appeal.
Affirmed.