SAVOY, Judge
(concurs in part; dissents in part).
I concur as to the issue of liability but dissent on the issue of quantum.
The district court awarded plaintiff $22,000.00 in general damages plus special damages which are not contested. He assigned no written reasons. The majority of this court affirmed the lower court.
Plaintiff suffered a whip lash injury in an automobile accident which occurred on August 19, 1969. He was examined or treated by four physicians. They were Dr. W. G. Owen, General Practitioner, the initial treating physician; Dr. Emile Ventre, General Practitioner, second treating physician; Dr. John Jackson, Neurosurgeon, who examined plaintiff on two occasions; and Dr. Fred C. Webre, Orthopedic Surgeon who also examined plaintiff on two occasions. The first three doctors examined plaintiff at his request, either by his personally contacting the doctor or by referral from one of plaintiff’s doctors. Plaintiff was examined by Dr. Webre at the request of defendant.
The first medical witness called by plaintiff at the trial of the instant case was Dr. W. G. Owen. He examined plaintiff after the accident and diagnosed a whip lash injury along with a contusion to his head. Dr. Owen saw plaintiff nine times between August, 1969 and January 1970. He found no muscle spasm present after September 6, 1969, and his complaints of headaches had disappeared by January 6, 1970.
On January 8, 1970 plaintiff went to see Dr. Emile Ventre, engaged in the general practice of medicine, complaining of severe neck pain. The doctor testified on the above date he found plaintiff had muscle spasm. On this visit the doctor was of the opinion that plaintiff had suffered from a degenerative arthritic condition, and he found a whip lash or cervical sprain super *123 imposed on some degenerative arthritis. He prescribed a traction device for home use. Later, Dr. Ventre stated that it was his opinion that plaintiff had suffered a ruptured disc between the fifth and sixth cervical vertebrae. Dr. Ventre was the only doctor of the four mentioned herein, who was of the opinion that plaintiff had a ruptured disc. Under cross examination he admitted he did not make a neurological or neurosurgical test on plaintiff to determine if he did or did not have a ruptured disc. He was of the further opinion that surgery was not indicated. Dr. Ventre concluded his testimony by stating that plaintiff had shown marked improvement in his headaches and neck pain.
Dr. John Jackson, a neurological surgeon at Oschner Clinic at New Orleans, Louisiana, examined plaintiff at the request of Dr. Ventre. He saw plaintiff on two occasions, on September 21, 1970 and the second in April of 1971. After examining x-rays and based on his physical examination, Dr. Jackson was of the opinion plaintiff was having some early degenerative disc disease. He found no symptoms of a ruptured disc on the April 1971 visit. Dr. Jackson did not detect muscle spasm.
Dr. Fred C. Webre, orthopedic surgeon, examined plaintiff on September 3, 1970 and again on April 23, 1971. On his first examination, Dr. Webre was of the opinion that plaintiff did not have evidence of severe impairment of the neck and he thought plaintiff could return to his job.
It is evident from the overwhelming weight of the evidence that plaintiff did not suffer a ruptured disc but rather a moderate whip lash injury. The record also reveals that there were no wages lost by plaintiff resulting from his injuries.
In support of the district court award, plaintiff cites four cases, namely, Matthews v. F. Miller & Sons, Inc., (La.App. 3 Cir. 1962), 146 So.2d 522: Waller v. King, (La.App. 2 Cir. 1966), 188 So.2d 231; Guy v. Kroger Co., (La.App. 2 Cir. 1967), 204 So.2d 790; Miller v. Allstate Insurance Co., (La.App. 1 Cir. 1969), 221 So.2d 908; Herbert v. Travelers Indemnity Co., (La. App. 4 Cir. 1970), 239 So.2d 367.
In Matthews, plaintiff suffered a herniated disc and was forced to leave his position as city policeman at a salary of $4,800.00 per year and the medical evidence showed he would not improve. In that case this court awarded $45,000.00.
In Waller, the court allowed $70,000.00 for a herniated disc and other permanent ■back injuries.
In Guy, plaintiff suffered a complete fracture of the femur and underwent two operations, was scheduled to undergo another operation, and the award in that case was $57,000.00.
In Miller, the award was $10,000.00 for lumbo-sacral sprain.
In Herbert, plaintiff was awarded $50,000.00. She suffered a traumatic injury to L-5 and S-l. The injuries in Miller were permanent in nature. There was a 15% disability of the body as a whole.
I am aware of the jurisprudence enunciated by the Supreme Court in Lomenick v. Schoeffler Cadillac, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). However, I feel that under the medical evidence the trial judge abused the discretion granted him and that there should be a substantial reduction in the award for general damages.
For the reasons stated, I dissent from the award for general damages made by the district court and affirmed by the majority of this panel.