412

*Rehearing denied Jan. 12, 1937. Writ of error refused March 1, 1937.

H. Payne Breazeale, City Atty., of Baton Rouge, for appellant.

Moise Thibodeaux, of Baton Rouge, for appellee.

LeBLANC, Judge.

Plaintiff, Mrs. Whitney P. Aucoin, sustained an injury to her right leg when she stepped into a hole in the neutral ground, right off the sidewalk in front of Courville's Grocery on St. Joseph's street in the city of Baton Rouge, between 6:30 and 7 o'clock in the evening of January 3, 1936. Claiming that it was the gross negligence of the city officials and employees, in leaving uncovered and unguarded, such a hole as is described in her petition, which caused her the damage which she has suffered by reason of her injury, she instituted this suit in which she asks for judgment in the sum of $2,500 against the city of Baton Rouge. Her husband, Whitney P. Aucoin, as head and master of the community resulting from their marriage, joined her as party plaintiff and asks for judgment in his capacity as such, in the sum of $30 for alleged medical expenses incurred in having her injury treated.

The defendant city filed an exception of no right or cause of action which was overruled in the lower court, after which it filed an answer denying liability on the ground that it had discharged its full duty toward the plaintiff when it had provided her with a sidewalk in good condition on which to walk, and that she had voluntarily left the same to go upon the neutral ground, not intended to be used as a sidewalk, and with regard to the use of which it owed her no duty. In the alternative, defendant pleaded that plaintiff's act in leaving the safe and adequate passageway provided for her, to go upon one of her own choosing which was not intended as such, constituted negligence on her part which had contributed to the accident and to her own injury and which therefore barred her recovery even though defendant should be held to have been negligent in any respect whatsoever.

There was judgment in the court below in favor of the plaintiff, Mrs. Whitney P. Aucoin, and the defendant appealed.

The facts in the case are not disputed, and we find involved only a legal proposition relating to the duty which the municipality may owe to a pedestrian who uses the neutral ground as a sidewalk.

With regard to the sidewalk itself, it has frequently been held that the municipality cannot be held liable for injuries sustained from defects in them unless it had actual or constructive knowledge of the one complained of. Actual knowledge is that gained by specific information given by or through an individual, and constructive knowledge is that which it is held to have obtained through general observation by inspection or otherwise. Hebert v. City of New Orleans (La.App.) 163 So. 425, and cases therein cited. If therefore knowledge of either character of the defect is required before the municipality can be made answerable in an action for damages arising from an injury sustained on the sidewalk, how much more essential it would be when the accident happened on the neutral ground, granting arguendo, that there may be liability for such an accident at all. It may be important therefore, at this time, to consider the question of knowledge.

The only proof bearing on actual knowledge may be said to come from the testimony of Mr. Courville, proprietor of the grocery store in front of which the accident happened. He states that some six years before he called the office of the commissioner of streets for the city, at the request of some one who had fallen in the same hole. He does not know who he spoke to, but there was some one sent out to investigate the matter and it was found out that the hole was there for the purpose of drainage. On cross-examination he testifies that when he first moved there he noticed the hole on an occasion when he was having the grass cut in front of his store. At that time he evidently was not impressed with any dangerous characteristic of the hole because he did nothing about it. Even after having given the notice he speaks of, and on the inspection made by the city officials, he did not seem to think much of it because he again made no objection to its presence, but, on the contrary, when informed that it was used for drainage, he told them that he did not want it closed. Other than this Mr. Courville refers to several calls having been made by other persons who used his telephone, complaining about some one having

stepped into the hole. In most instances he was unable to recall who the person was, and those he did remember, when they testified, stated that they had never reported the matter to the city.

As for constructive knowledge or notice, there appears nothing in the record on which it could be based. Taking for granted that the hole was called to the city's attention some six years before the plaintiff's accident, we have seen that the very person who reported it, after having had its purpose explained, not only urged no objection to it, but further that he wanted it to remain as it was. It may be stated here also that the testimony of Mr. Oldham, the city engineer, is to the effect that the records of his office as well as a check of the employees showed that no report had ever been made of a hole or drain at that spot in the neutral ground in front of Courville's store.

But regardless of the question of knowledge or notice, we are of the opinion that plaintiff must fail in her demand because the municipality owed her no particular duty in respect to this portion of the street called a "neutral ground."

From the testimony of the plaintiff herself and that of her husband and daughter who were accompanying her at the time, we learn that they had all three left their home which is about a block from the scene of the accident, on foot, to call on friends who lived a few blocks away on Asia street. They were walking the three abreast on the concrete sidewalk, which, it is admitted, is six feet wide and was in perfect condition. On reaching the point of the accident, plaintiff left the sidewalk to step on to the neutral ground, in order to take, what she herself states, was a short cut to get to their destination. After getting on the neutral ground, she stepped into the hole and sustained the injury she complains of.

When the plaintiff left her place of safety on the sidewalk to go on to the neutral ground for her own convenience, as she admits, she assumed the responsibility and the risk incidental to her act in doing so. The city had discharged its duty toward her, as a pedestrian on the street, when it had provided her with a safe sidewalk on which to tread. Citing Dillon on Municipal Corporations as authority, the Supreme Court in the case of Peetz v. St. Charles Railroad Co., 42 La.Ann. 541, 7 So. 688, 689, held that "the duty of municipal corporations is only to see that its sidewalks are safe for persons exercising ordinary care and prudence." This ruling has been followed in numerous cases, a few of which we cite as follows: Goodwyn v. City of Shreveport, 134 La. 820, 64 So. 762; Wiltz v. City of New Orleans, 2 La. App. 444; Collins v. Lyons, 9 La.App. 736, 737; Varnado v. City of Baton Rouge, 5 La.App. 238; and Suthon v. City of Houma (La.App.) 146 So. 515. The neutral ground is not part of the sidewalk and the city is under no obligation to maintain it for the convenience or use of pedestrians who desire to take "short cuts" in order to reach a particular destination.

Counsel for plaintiff refers to the case of Weil v. City of Alexandria, 7 La.App. 387, as one in which the city was held liable for an injury sustained in an accident which happened on neutral ground. Liability in that case, however, seems to have been based entirely on the negligence of certain employees of the city in connection with some repair work that was being done at that point, either on the sidewalk or in the street, and not on the dereliction of the municipality in regard to its duty in the matter of providing a safe and adequate sidewalk for pedestrians. We do not consider the case as authority on the issue that is here presented.

The views herein announced naturally lead to a different conclusion than that reached by the learned trial judge, and we find ourselves constrained to reverse the judgment appealed from.

For the reasons assigned, it is now ordered that the judgment appealed from be, and the same is hereby reversed, set aside and annulled and it is now ordered that there be judgment in favor of the defendant, city of Baton Rouge, and against the plaintiffs, Mrs. Whitney P. Aucoin and her husband, Whitney P. Aucoin, as head and master of the community existing between them, rejecting their demands and dismissing their suit at their costs.