## LOUCKS v. CITY OF CROWLEY.
### No. 1938.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1939.

Dubuisson & Dubuisson, of Opelousas, for appellant.

Percy T. Ogden, of Crowley, for appellee.

LE BLANC, Judge.

This is a suit for damages against a municipality by a lady pedestrian who alleges that she sustained certain physical injuries at about 11 o'clock on the morning of November 7, 1936 when she fell violently to the ground after having lost her balance in stepping, inadvertently, with her left foot on a crack and the resulting broken level in one of the concrete slabs of a sidewalk. The defendant municipality is the city of Crowley and it is charged with the violation of its duty, after having had actual knowledge of the defect in the sidewalk, to remove the same and maintain the sidewalk in good repair and this, it is alleged, constitutes gross negligence for which the city is liable in damages to the plaintiff.

Plaintiff alleges that the crack into which she stepped ran from the outer street edge of the sidewalk to the inner edge of the property line, causing a difference in the surface level which ran from about three inches at the outer side or street edge and gradually diminished towards the inner side or property line. She also alleges that she had not used this sidewalk for about eight months and did not recollect this defect and was unaware of its existence at the time of the accident.

The suit was dismissed in the lower court on an exception of no right or cause of action and plaintiff has appealed.

In brief of counsel for the plaintiff it is stated that "the only serious question presented by the exception is whether or not the defect in the sidewalk on which the plaintiff fell was dangerous enough to require the city to repair it and make it liable for failing to do so if it should cause damage to a pedestrian, or whether it was merely a 'slight deviation' for which the municipality can not be held liable." Counsel have thus correctly stated the issue involved, and practically concede that it is so nearly alike that presented in the case of Suthon v. City of Houma, 146 So. 515, decided by this court, as to be governed by the ruling made in that case, provided of course it was properly decided. Naturally counsel contend that the decision in that case was erroneous and we are now asked to overrule it. Counsel for the defendant submits its side of the exception on the strength of the decision in the Suthon Case and the district judge sustained it on that authority. In effect then we are asked to review our decision in the former case which has long since become final.

We have given serious consideration to the remarks of counsel for plaintiff concerning the decision in the Suthon Case and after weighing them carefully remain

convinced that that decision is in accordance with the law and the authority therein referred to. Whatever we might add at this time we think would be in the way of needless repetition. We have referred to the decision in at least two subsequent cases, Strickland v. Istrouma Water Company, Inc., 164 So. 347, and Aucoin v. City of Baton Rouge, 171 So. 412. At least one of the other Courts of Appeal, that for the Second Circuit, has cited it with apparent approval. See Linxwiler et al. v. City of Shreveport, 151 So. 81.

As it seems to be conceded by all parties at interest in this case that it is to be governed by the views expressed in the Suthon Case, in the event those views are upheld, and as we still adhere to our decision in that case, it follows that our present conclusion is that this case was properly disposed of by the judgment below on the exception of no cause of action.

Judgment affirmed.