### JONES et al. v. CITY OF BATON ROUGE.
### No. 2045.

Court of Appeal of Louisiana. First Circuit.
Nov. 9, 1939.

Breazeale & Sachse, of Baton Rouge, for appellants.

Fred G. Benton, of Baton Rouge, for appellee.

DORE, Judge.

Plaintiffs appeal from a judgment dismissing their suit. The claim of Mrs. Verna L. Jones, the wife of the other plaintiff, is one for damages arising out of an injury suffered by her as a result of a fall when she stepped off of a level sidewalk unto a depression some three to four inches in the sidewalk on the south side of Jackson Avenue in the City of Baton Rouge. She charges the city with fault, negligence and want of care, in failing to keep the sidewalk at that point in proper repair and safe for pedestrians, after having actual and constructive notice of the defective condition. Mr. Wallace Jones, the husband and other plaintiff, seeks to recover for the medicine, bandages and incidentals used in the treatment of his wife's injury.

The defenses are: (1) That the defect complained of was not serious or equivalent to a trap or of such nature as to make the city responsible therefor; (2) that the city did not have actual or constructive notice of the defect; and (3) that Mrs. Jones was guilty of contributory negligence.

It is now well established in our jurisprudence that a municipality's duty extends only to keeping the sidewalks in a reasonably safe condition for persons exercising ordinary care. See Suthon v. City of Houma, La.App., 146 So. 515, and the cases therein cited.

With this principle of law in mind, we find the following facts to be fully established: Mrs. Jones, on the day of the accident, in the early morning, on a clear day, left her home for the purpose of visiting one of her friends on Jackson Avenue. While on her way, she stopped for a visit with another of her friends at the corner of the block in which the accident happened. Upon leaving this friend's house, she proceeded on the south sidewalk of Jackson Avenue, walking westward in the direction of her friend. While thus proceeding, she, while walking, spoke to a Mrs. Corcoran, another friend of hers, within the block. She states that, while so talking and walking, she kept her eyes to the front; that after passing Mrs. Corcoran, she continued to walk with her eyes to the front, and that she stepped into the depression in the sidewalk, the sudden jolt throwing her forward unto her arms, breaking the head of the radius at the surgical neck in both arms.

The evidence shows that at the point of accident, there was an inequality or unevenness in the surface of the sidewalk, caused by one side of a concrete slab having settled some three or four inches. A witness testified that this was caused by the laying of a pipe underneath the walk in the connection of the sewerage system to a house, but the point of accident is opposite a vacant lot, and this witness did not testify as to the length of time prior to this accident that this pipe was laid. We have come to the conclusion, from the evidence, that the sunken condition of this slab was due to natural causes; that is, soil erosion. Inequalities in the level of sidewalks of about the same condition as herein found have been held not to constitute such a dangerous condition as to compel the correction thereof or make the municipality liable. See Collins v. Lyons et al., 9 La.App. 736, 120 So. 418, 419; Ruling Case Law, vol. 13, p. 399, paragraph 326.

A careful consideration of the evidence leads us to the opinion that this condition in the sidewalk was of long standing, in that none of the witnesses would attempt to say how long it had been there. We are further of the opinion that Mrs. Jones must have been familiar with the sidewalks in this particular locality in that she testified that she lived on the south parallel street in the same block, and visited friends in the immediate neighborhood, regardless of the fact that she states that on her visits she seldom used the south side of Jackson Avenue but used the north side thereof.

There is evidence that other accidents were caused by this depression, but the injured parties thought so little of the same that they failed to report it to the city authorities. In fact, Mr. Corcoran's daughter, a friend of plaintiff, skinned her knee when she fell at the point in question, yet neither she nor her father reported the accident, indicating that the condition of the sidewalk was not so defective as to warrant the notification of the city thereof.

The owner of the vacant lot in front of which this accident happened, at some time prior to this accident, reported to the city

736

a dangerous condition in the sidewalk some twenty or thirty feet from the place of the accident, and thought so little of the condition of the place of the accident, in spite of the fact that his daughter had injured her knee at that point, that he failed to show or complain of the same.

We are therefore of the opinion that the defect was not of such a nature as to make the condition dangerous. We are of the further opinion that the sidewalk was reasonably safe for pedestrians using ordinary care and prudence, which is all that is required under law.

For these reasons, the judgment appealed from is affirmed.