HAMITER, Justice.
 

 As plaintiff walked along a concrete sidewalk in the City of Alexandria she stumbled against an elevated and irregular portion thereof, .causing her to fall. Subsequently, to recover for the injuries allegedly received as a result of the fall, she instituted this suit against such city, praying for an award of damages in the sum of $18,050.
 

 As a basis for defendant’s liability, plaintiff averred in her petition:
 

 “ * * * that this bad place in the walk was about in the middle of the block, as aforesaid, and it was dark and there was no warning or light of any kind to indi
 
 *311
 
 cate to pedestrians the existence of this dangerous step up in the sidewalk.
 

 “Petitioner further alleges that the walk had been in this same dangerous condition for many months prior to the accident, and that the defendant either knew of the condition of the walk or should have known the condition of the walk; that the walk remained and continued in this same dangerous, unsafe condition in a thickly populated section of town and that to allow the walk to be in this condition was dangerous and amounted to gross negligence on the part of the defendant, which negligence was the proximate cause of plaintiff’s injuries.”
 

 In the answer defendant admitted the happening of the accident, but it denied the allegations of negligence. Alternatively, it pleaded contributory negligence on the part of plaintiff.
 

 After the trial of the case the district court rendered a judgment in favor of plaintiff for '$600. On an appeal to the Court of Appeal, Second Circuit, the judgment was affirmed. 35 So.2d 810. The case was brought here on a writ of certiorari issued on the defendant’s application in which our attention was directed to an observation by the Court of Appeal (in its written opinion) that there appears to be a conflict in the jurisprudence of this state on the question presented.
 

 The accident occurred, the record discloses, during the night of October 19, 1947, on the south sidewalk of Ninth Street, between Murray and Johnston Streets, in a semi-business district of the City of Alexandria. In that sidewalk, at a point almost midway of the block which is 213 feet long, there existed at the time a defect, it consisting of a concrete slab being elevated above the contiguous slabs a varying difference of one-half inch on the curb side and two inches on the property line side. The defect, like hundreds of similar irregularities throughout that city, resulted from natural causes (rains, expansion or soil erosion) and had endured for several years.
 

 About seven o’clock of the mentioned night plaintiff, a colored woman some 73 years of age, struck her foot against this raised slab while walking, causing her to fall. Having left her home, three blocks away on the same street and where she had lived for eight months, plaintiff was going to church. To quote her testimony: “I was walking along on the sidewalk going to church, and I was hurrying to get there on time. * * * It was dark because it was seven o’clock, I was hurrying because I was thinking I was going to be late. * * * They always start the church at seven o’clock and I like to be on time and I was hurrying on to church because it was already seven o’clock. * * * I was paying attention going to church, I wasn’t looking at the street.” She further said that she “had been along there once before going to church.”
 

 
 *313
 
 The irregularity, the evidence shows, was readily observeable at night. There were no shrubs or trees in close proximity to it; and a large street light, the illumination from which was unobstructed, was at each of the two corners of the block (213 feet long). According to one of plaintiff’s witnesses, in front of whose house the defect lay, it was easy to see “if you were looking for it.” And defendant’s engineer, who inspected the area at night sometime after the accident (and following the remedying of the inequality), testified that he could see plainly, from a distance up to 20 feet, even the ordinary dividing lines between the level slabs.
 

 No one reported the existence of the inequality to the defendant, the record further shows, until after the occurrence of plaintiff’s fall.
 

 In the jurisprudence of this state there are numerous cases (some decided by this court and others by the several Courts of Appeal) involving sidewalk accidents. Some of these are: McCormack v. Robin, 126 La. 594, 52 So.
 
 779,
 
 139 Am.St.Rep. 549; Goodwyn v. City of Shreveport, 134 La. 820, 64 So. 762; Lemoine v. City of Alexandria, 151 La. 562, 92 So. 58; Wiltz v. City of New Orleans, 2 La.App. 444; Brown v. City of New Orleans, 7 La.App. 611; Pepper v. Southern Bell Telephone & Telegraph Company, 18 La.App. 257, 137 So. 610; Suthon v. City of Houma, La.App., 146 So. 515; Burns v. City of New Orleans, La.App., 155 So. 61; Holbrook v. City of Monroe, La.App., 157 So. 566; Robinson v. City of Alexandria, La.App., 174 So. 681; Carsey v. City of New Orleans, La.App., 181 So. 819; Loucks v. City of Crowley, La.App., 185 So. 648; Jones v. City of Baton Rouge, La.App., 191 So. 734; McGurk v. City of Shreveport, La.App., 2 So.2d 687; Cato v. City of New Orleans, La.App., 4 So.2d 450; McQuillan v. City of New Orleans, La.App., 18 So.2d 218.
 

 From this jurisprudence there have evolved certain legal principles which are to be considered in determining the instant controversy. Thus, a municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury. Defects in sidewalks that are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. Flowever, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in
 
 *315
 
 this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots.
 

 For determining what is a dangerous defect in a sidewalk (that which renders the municipality responsible in damages to a. pedestrian injured as a consequence thereof) there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable safe condition for persons exercising ordinary care and prudence,
 

 Returning to the facts of the instant case the inequality in question, as above shown, resulted from natural causes, not by any deliberate act of the defendant. Moreover, it could be readily and easily observed, both during daytime and at night, by any one proceeding along the walk prudently. This is established by testimony of the witnesses. It is also indicated by the proved circumstances that during the defect’s existence of several years no person, other than this plaintiff, was injured thereby or complained of it to the city, notwithstanding that it was located in a semi-business district and the sidewalk was used frequently.
 

 Therefore, it must be concluded that the elevated slab which plaintiff encountered while hurrying along to church was not dangerous or calculated to cause injury, and that the sidewalk at that point was maintained in a reasonably safe condition for persons exercising ordinary care and prudence. From which it follows that the defendant is not responsible in damages for the injuries sustained.
 

 ■ For the .success of this action plaintiff’s counsel relies on Lemoine v. City of Alexandria, Holbrook v. City of Monroe, and Robinson v. City of Alexandria, all cited supra, in each of which the injured plaintiff was allowed recovery. These cases are distinguishable factually from the instant matter.
 

 In the Lemoine case the fall and injuries resulted from cross ties that had been deliberately laid across a dimly lighted dirt sidewalk by employees of the municipality, creating a dangerous condition not easily observeable.
 

 The sidewalk’s defect in the Holbrook case consisted of a small, open water cutoff box, located near the curb, in which the pedestrian stepped. It could not be readily seen or reasonably anticipated, did not result from natural causes, and was in the nature of a trap.
 

 The depression causing the accident in the Robinson case was covered with grass and trash, the illumination there was very poor, and the defective condition was not apparent to one using ordinary care and prudence.
 

 For the reasons assigned the. judgments of the district court and the court of Ap
 
 *317
 
 peal are reversed and set aside, and there is now judgment in favor of the defendant rejecting the demands of plaintiff and dismissing the suit at her costs..
 

 HAWTHORNE, J., takes no part.