JESSE S. HEARD, Judge ad hoc.
Plaintiff brought this suit against the City of New Orleans, claiming damages for physical injuries sustained by her as a result of a fall in front of the premises at 1401 St. Charles Avenue. The accident which occurred about 3 :00 a. m. on April 4, 1959 is alleged to have been caused by the defective and dangerous condition of the sidewalk. She alleges that she stumbled into a hole which hole was about six inches deep and approximately two feet square. The hole in the sidewalk made it dangerous for pedestrians and as she stepped into it she stumbled and fell, twisting her ankle. She further alleged that the damages sustained by her were caused by the negligence of the City of New Orleans in failing to keep the sidewalk in a reasonably safe condition and permitting the hole to exist approximately one year or more before the accident and that the City had both actual and constructive notice of its unsafe condition and failed to remedy same.
The City of New Orleans filed a general denial specifically denying that it had active and constructive notice of the dangerous condition of the sidewalk and in the alternative pled contributory negligence on the part of the plaintiff in failing to see the condition of the sidewalk and to take the proper precaution to avoid injuring herself in exercise of reasonable care.
*7 The district court, in its judgment, found the City of New Orleans had constructive notice of the defects in the sidewalk but denied recovery on the ground that the defect was apparent and had the plaintiff used ordinary care, she could have avoided the accident.
The evidence revealed that the plaintiff lived at 2121 Baronne Street and on the morning of April 4, 1959 at approximately 3 :30 o’clock, she was proceeding along the sidewalk from her home to the Magnolia Grill, located at 1331 St. Charles Avenue. When she arrived at a point in front of 1401 St. Charles Avenue, she stepped in a hole in the sidewalk and injured her ankle. She further stated in her testimony that she had passed the place often and had seen the break on prior occasions but had walked around it. She further testified that she could have seen the hole that morning.
The evidence further revealed that St. Charles Avenue is lighted with four lights on the standard in that area and was well lighted at that time. There was introduced into evidence four photographs of the hole in the sidewalk, which revealed that it was not in the nature of a trap and was obvious to anyone using due care.
In the case of White v. City of Alexandria, 1949, 216 La. 308, 43 So.2d 618, 620, the Supreme Court set forth the legal principles involved in this type of case:
“From this jurisprudence there have evolved certain legal principles which are to be considered in determining the instant controversy. Thus, a municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury. Defects in sidewalks that are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots.
“For determining what is a dangerous defect in a sidewalk (that which renders the municipality responsible in damages to a pedestrian injured as a consequence thereof) there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable safe condition for persons exercising ordinary care and prudence.”
Applying the above quoted principles of law to the facts of this case, the Court finds no manifest error in the findings of the lower court.
Affirmed.