807 So.2d 883 (2001)
Lydia SHAVERS and Larry Shavers
v.
CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE & ABC Insurance Company.
No. 2000 CA 1682.
Court of Appeal of Louisiana, First Circuit.
September 28, 2001.
*884 S. Alfred Adams, Gary M. Cooper, Baton Rouge, for Plaintiffs/1st Appellants, Lydia Shavers & Larry Shavers.
James J. Zito, Baton Rouge, for Defendant/Appellee, City of B.R./Parish of E.B.R.
L. Adrienne Dupont, Baton Rouge, for Intervenor/2nd Appellant, State of LA, Board of Trustees, Group Benefits.
Before: GONZALES, KUHN, CIACCIO, JJ.[1]
CIACCIO, J.
This appeal arises from a judgment in favor of defendant, dismissing plaintiffs' suit with prejudice and assessing all costs of these proceedings to them.

FACTS AND PROCEDURAL HISTORY
On the afternoon of June 7, 1995, plaintiff Lydia Shavers tripped and fell on a raised section of sidewalk near the steps of the Louisiana State Education Building. The City of Baton Rouge/Parish of East Baton Rouge ("City/Parish") owned and maintained the sidewalk. Twenty years before plaintiffs accident, the City/Parish planted Red Oak trees in confined spaces near this walkway and others all over downtown Baton Rouge.
Ms. Shavers and her husband filed suit against the City/Parish to recover damages for injuries sustained in this accident. Plaintiffs alleged that the tree roots grew along the ground surface, gradually uplifting a portion of the sidewalk and creating an unreasonably dangerous condition. After a bench trial, the trial court balanced the sidewalk's benefits against the risk of harm. In his oral reasons for judgment, the judge found that the raised portion of the sidewalk did constitute a hazard. Nevertheless, he continued, the hazard "was open and obvious and clear so that plaintiff could and should have seen it." Thus concluding that the sidewalk did not present an unreasonably dangerous risk of harm, the lower court rendered judgment in favor of defendant. Plaintiffs' subsequent motion for a new trial was denied.
Plaintiffs appeal, alleging that the trial court erred in its determination of liability and in failing to award damages. We disagree.

LAW AND ARGUMENT
The unreasonable risk of harm criterion encompasses a myriad of considerations and can not be applied mechanically. Landry v. State, 495 So.2d 1284 *885 (La.1986). Consequently, the trial court's factual findings and the ultimate determination of unreasonable risk of harm are subject to the manifest error standard. Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362. A reviewing court may not disturb a lower court's holding unless it finds that the trier of fact was clearly wrong. Stobart v. State through the Department of Transportation and Development, 617 So.2d 880 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In determining whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the utility of the thing (in this case, a sidewalk). Oster v. Department of Transportation and Development, State of Louisiana, 582 So.2d 1285 (La. 1991); Williams v. Leonard Chabert Medical Center, 98-1029 (La.App. 1 Cir. 9/26/99), 744 So.2d 206, writ denied, XXXX-XXXX (La.2/18/00), 754 So.2d 974. As part of this balance, the court should consider a broad range of social, economic and moral factors, including the cost to defendant to avoid the risk and the social utility of plaintiff's conduct at the time of the accident. Id.
A public entity such as the City/Parish has a duty to keep its premises in a reasonably safe condition, but need not eliminate all variations in elevation existing along its sidewalks. LSA-C.C. art. 2315 and 2317; Williams v. Leonard Chabert Medical Center, 744 So.2d at 209. Courts have consistently held that state entities are not liable for every irregularity in a walkway. Id. at 209-210; Boyle v. Board of Supervisors, Louisiana State University, 96-1158 (La.1/14/97), 685 So.2d 1080.
The Louisiana Supreme Court has commented on the importance of the defect's size in determining whether a landowner has breached its duty to a pedestrian:
It is common for the surfaces of streets, sidewalks, and parking lots to be irregular. It is not the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints, and curbs. These surfaces are not required to be smooth and lacking in deviations and indeed, such a requirement would be impossible to meet.
Reed v. Wal-Mart Stores, Inc., 708 So.2d at 363.
The Louisiana Supreme Court, in White v. City of Alexandria, 216 La. 308, 43 So.2d 618 (1949), found that differences in elevation between one-half inch and two inches do not alone create an unreasonable risk of harm. In the case at issue, witnesses estimated the sidewalk to have been raised approximately one and threefourths inches. Thus, we must consider other factors to determine whether the premises created an unreasonable risk of harm to pedestrians.
The trial court correctly considered the number of other accidents caused by this partially elevated crack. Williams v. Leonard Chabert Medical Center, 744 So.2d at 210. This portion of sidewalk was located in a heavy traffic area. According to witnesses, the Department of Education building houses anywhere between 500 and 900 state employees. The sidewalk at issue connects the building to the street. Thus, hundreds of employees and visitors use this walkway at least twice a day, five days each week. Yet plaintiffs produced only a few witnesses who had stumbled once or twice over this uplifted section of *886 sidewalk. None had actually fallen to the ground. In fact, plaintiff's accident was the only evidence presented involving a major injury at that location.
In a trip and fall case, the duty of care does not rest solely with the landowner. The pedestrian has a duty to see what should be seen and to observe her course to see that her pathway is clear. Williams v. Leonard Chabert Medical Center, 744 So.2d at 211. The degree to which a danger is evident to a potential victim is one factor in determining whether the condition is unreasonably dangerous. A landowner is not liable when the condition 1) should have been seen in the exercise of reasonable care by the injured party or 2) was as obvious to a visitor as it was to the landowner. Id.
In the instant case, photographs of the area introduced into evidence showed that the raised portion of sidewalk should have been obvious to the plaintiff on the day of the accident. In fact, plaintiffs own witnesses testified that the raised portion of the sidewalk was obvious and apparent. Nothing whatsoever hid or obstructed her view of the alleged defect. Thus, she failed to see what she should have seen in the exercise of ordinary and prudent care. The mere fact that someone fell does not elevate the sidewalk's condition to an unreasonably dangerous defect. Id.
The cost of repairing the defect is our final consideration. Experts on both sides agree that removing the trees is not the answer. Plaintiffs contend that rerouting the sidewalks is feasible. But Steven Shurtz and Jerome Klier, both City/Parish employees, testified that the City/Parish owns and maintains over 2,000 miles of sidewalks in the Baton Rouge area. The cost of removing and rerouting these sidewalks would be staggering.
The raised portion of sidewalk, a common condition in downtown Baton Rouge, was open and obvious. Plaintiffs offered no proof of any other substantial injuries sustained at this location. Furthermore, the cost of constant inspection and repair is not feasible. In weighing these and other factors to determine whether the raised portion of sidewalk created an unreasonably dangerous defect, we can not say that the trial judge was clearly wrong.

CONCLUSION
For the foregoing reasons, we affirm the trial court's decision in favor of defendant, dismissing plaintiffs' suit. All costs of this appeal are assessed to plaintiffs.
AFFIRMED.
KUHN, J., concurs and assigns reasons.
KUHN, J., concurring.
I write separately because I object to the use of facts from another case (White v. City of Alexandria, 216 La.308, 43 So.2d 618 (1949)) to suggest a firm rule of law applicable to all future cases. The majority correctly cites Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362, in its affirmance of the trial court's factual determination that plaintiff was presented with an unreasonable risk of harm. But then it incorrectly emphasizes the facts of White to seemingly conclude all sidewalk elevations between one-half inch and two inches cannotas a matter of lawpresent any pedestrian anywhere in Louisiana with an unreasonable risk of harm. By failing to remain centered on the manifestly erroneous/clearly wrong standard of review, the majority's analysis overlooks the ultimate holding in Reed, i.e., whether a defect constitutes an unreasonable risk of harm is a factual determination. And the approach undertaken *887 converts facts into a legal proposition no matter in what context the alleged defect may be present.
Because a reasonable factual basis exists to support the trial court's conclusion plaintiff was not presented with an unreasonable risk of harm by the uplifted section of the sidewalk adjacent to the Louisiana State Education Building, it is not manifestly erroneous/clearly wrong. See Stobart v. State, 617 So.2d 880 (La.1993). As such, the trial court's judgment must be affirmed. Accordingly, I concur.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.