NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-1576


MARY GODWIN

VERSUS

CITY OF ALEXANDRIA


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 206,483
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED.


Richard E. Lee
Attorney at Law
810 Main Street
Pineville, LA 71360
(318) 448-1391
Counsel for Plaintiff/Appellant:
Mary Godwin

**Daniel G. Brenner**
**Bolen, Parker & Brenner**
**P. O. Box  11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**Counsel for Defendant/Appellee:**
**City of Alexandria**

**W. Jay Luneau**
**Luneau Law Office**
**1239 Jackson Street**
**Alexandria, LA 71301**
**(318) 767-1161**
**Counsel for Plaintiff/Appellant:**
**Mary Godwin**

**EZELL, JUDGE.**

In this matter, Mary Godwin appeals the decision of the trial court ruling that

she failed to prove that an elevation change in a sidewalk controlled by the City of Alexandria (the City) posed an unreasonable risk of harm. For the following reasons, we affirm the decision of the trial court.

On June 8, 2001, Ms. Godwin went for her daily morning walk down Wellington Boulevard in Alexandria. Around the 4400 block of Wellington, she tripped on an uneven portion of sidewalk, fracturing her femur and seriously injuring her left knee in the fall. The injury required the insertion of three screws into the interior of Mrs. Godwin's knee. She filed this suit against the City, claiming the uneven portion of sidewalk was unreasonably dangerous and the cause of her fall. The trial court below disagreed, ruling that she failed to prove the elevation change in the sidewalk was unreasonably dangerous. From this decision, Mrs. Godwin appeals.

Mrs. Godwin asserts four assignments of error on appeal. The first and fourth are not argued in brief and are considered abandoned. Uniform Rules--Courts of Appeal, Rule 2-12.4. We shall address the remaining two assignments of error, that the trial court erred in failing to find the defect in the sidewalk an unreasonable risk of harm, and that the trial court erred in failing to accept true and uncontradicted testimony as fact.

An individual is responsible for the damage caused by things in his custody. La.Civ.Code art. 2317. The owner or custodian of a thing is answerable for damage caused by its defect only upon a showing that he knew or, in the exercise of reasonable care, should have known of the defect which caused the damage, that the damage could have been prevented by the use of reasonable care, and that he failed to exercise such care. La.Civ.Code art. 2317.1. "Thus, to recover for damages caused by a defective thing, the plaintiff must prove that the thing was in the defendant's

1

custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage and that the defendant knew or should have known of the defect." *Brown v. Williams*, 36,863, p.3 (La.App. 2 Cir. 7/31/03), 850 So.2d 1116, 1120, *writ denied*, 03-2445 (La. 11/21/03), 860 So.2d 555.

In *Boyle v. Board of Supervisors of Louisiana State University*, 96-1158, pp. 3-4 (La. 1/14/97), 685 So.2d 1080, 1082, (citations omitted) (alterations in original) the Louisiana Supreme Court noted:

> Courts have consistently held that state entities are not liable for every irregularity in a street or sidewalk. This Court, in *White v. City of Alexandria*, 216 La. 308, 43 So.2d 618 (1949) reversed the lower courts and held that a slab of sidewalk which was one-half an inch to two inches lower than the contiguous slabs did not present an unreasonable risk of harm to a plaintiff who was walking along the sidewalk and tripped on the irregularity. In so holding, the Court stated:
>
> > [A] municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury.
> >
> > For determining what is a dangerous defect in sidewalk . . there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable (sic) safe condition for persons exercising ordinary care and prudence. *White*, supra [43 So.2d] at 620.

It is well established a pedestrian has a duty to see that which should have been seen. *Boddie v. State*, 27,313 (La.App. 2 Cir. 9/27/95), 661 So.2d 617. A pedestrian is not required to look for hidden dangers, but she is bound to observe her course in order to see if her pathway is clear. *Id.* If a dangerous condition is patently obvious and easily avoidable, it cannot be considered to present a condition creating an

2

unreasonable risk of harm for purposes of strict liability. *Alexander v. City of Baton Rouge*, 98-1293 (La.App. 1 Cir. 6/25/99), 739 So.2d 262, *writ denied*, 99-2205 (La. 11/5/99), 750 So.2d 188. Furthermore, the fact that an accident occurred because of a vice or defect does not elevate the condition of the thing to that of an unreasonably dangerous defect; the vice or defect must be of such a nature as to constitute a dangerous condition that would be reasonably expected to cause injury to a prudent person using ordinary care under the circumstances. *Williams v. City of Baton Rouge*, 02-682 (La.App. 1 Cir. 3/28/03), 844 So.2d 360.

The manifest error standard of review applies to the trial court's finding of whether a defect creates an unreasonable risk of harm. *Reed v. Wal-Mart Stores, Inc.*, 97-1174 (La. 3/4/98), 708 So.2d 362. Articulating the reason for applying the manifest error standard to this determination, the Louisiana Supreme Court stated:

> Because a determination that a defect presents an unreasonable risk of harm predominantly encompasses an abundance of factual findings, which differ greatly from case to case, followed by an application of those facts to a less-than-scientific standard, a reviewing court is in no better position to make the determination than the jury or trial court. Consequently, the findings of the jury or trial court should be afforded deference and we therefore hold that the ultimate determination of unreasonable risk of harm is subject to review under the manifest error standard.

*Id.* at 364-65.

The court in this case found that the sidewalk differential did not create an unreasonable risk of harm. After reviewing the record, we can find no manifest error in this ruling.

Photographs in the record indicate that the elevation change in question went from roughly one inch on the right side of the sidewalk to two inches on the left. The area where Mrs. Godwin tripped was roughly an inch and a half in height. The photos further show that the defect is clearly visible. Craig Rogers, an expert for the

3

City testified that because the elevation change was below two inches, and because it was "open and obvious," the defect was trivial rather than substantial. There was no documentation of any accidents other than Mrs. Godwin's at this spot. Furthermore, Mrs. Godwin herself testified that the sun was out at the time of her accident and that she could see well. However, perhaps most damning to her claims, she testified several times that as she walked quickly for exercise, she would look straight ahead rather than down at the sidewalk before her. It is clear from the record before this court, as it was to the trial court below, that Mrs. Godwin was simply not watching where she was going. There is no manifest error in the decision of the trial court that the elevation change did not pose an unreasonable risk of harm.

Mrs. Godwin next claims that the trial court erred in failing to accept uncontradicted testimony as true. This argument is based on the trial court's written reasons for judgment wherein the trial court stated that the defect in the sidewalk "was probably the result of a well publicized problem in Charles Park: the pine trees planted in the medians of almost every street in the subdivisions have grown to the point that their root systems are breaking up the streets." Mrs. Godwin argues that the roots were unquestionably the cause of the defect. We find this claim to be devoid of merit. The trial court's written reasons, while defining the principles upon which the court is deciding a case, form no part of the official judgment from which the appeal is taken. *Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co., Inc.*, 03-422 (La.App. 5 Cir. 9/16/03), 858 So.2d 22. Furthermore, this purely semantical argument is rendered moot by our finding above that the sidewalk defect, no matter the cause, posed no unreasonable risk of harm to pedestrians.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Mrs. Godwin.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3 Uniform Rules, Court of Appeals.