KNOLL, J.,
dissenting.
|,I respectfully dissent from the majority opinion which, in my view, improperly applies a de novo standard of review in overruling the findings of the trier of fact despite ample evidence supporting the verdict in favor of plaintiff. The record reflects the trial court properly applied the law regarding municipal liability, and the appropriate standard of review is manifest error. As there is sufficient evidence to support the finding of liability on the part of defendant, I would affirm the judgment of the lower courts.
The facts of this case are relatively simple. It is undisputed that Ms. Chambers tripped over a defect in the sidewalk in the Village of Moreauville. As a result, she broke her wrist, underwent surgery, and incurred significant medical expenses. The defendant admits it had actual or constructive notice of the defective section of the sidewalk as required by La.Rev.Stat. § 9:2800. The only issue in dispute is whether the uneven section of sidewalk — a depressed area which slopes downwards, then upwards, leading to a 1 J4 to 1 ½ inch lip — created an “unreasonable risk of harm” under Louisiana law.[1]
| aThe majority opinion claims the trial court “erred when he expressly declined to consider cost, an indispensable component of the risk-utility balancing test.” The trial court judge did not “expressly de *603 cline” to consider cost; indeed, he explicitly noted the importance of the cost factor in making his ruling: “What is important is the cost factor and it’s important in my ruling. I cannot allow a municipality to say the cost factor will be our escape clause. But a municipality can say it would cost it would cost to [sic] much.” (emphasis added). The court also stated, concerning the “cost of repair versus the cost of injury or the threat of injury and the utility and I did, I did ponder those, those types of considerations.” Given these statements by the trial court judge, it is difficult to understand how the majority came to the conclusion that he “expressly declined” to take into account the potential cost of repair.
The trial court’s detailed oral reasons, which take up 22 pages in the record, reflect that he carefully considered the state of the law and jurisprudence — he cites and discusses no less than thirteen cases when considering the Village’s liability, many of which expressly discuss the cost factor of the risk-utility test. Contrary to the majority’s representations, the court did consider the cost factor and correctly applied the law in this case. A de novo review is, therefore, inappropriate.
This Court has repeatedly held municipalities have a duty to keep sidewalks and roadways in reasonably good repair. Molbert v. Toepfer, 550 So.2d 183, 186 (La.1989); Shipp v. City of Alexandria, 395 So.2d 727, 728 (La.1981); White v. City of Alexandria, 216 La. 308, 43 So.2d 618, 620 (1949). As a practical matter, this maintenance is not free. The cost factor of the risk-utility test simply ^recognizes a municipality cannot fix every minor problem in every sidewalk, and there is no duty to make a repair where the proposed repairs are so expensive or onerous as to outweigh any benefit. The application of this test is a question of fact left for the trial court’s determination.
Here, both the plaintiffs expert and the mayor agreed the proposed repairs would have cost between five and six hundred dollars. While this amount is not exactly trivial for a small municipality such as Moreauville, neither is it so expensive that the proposed repairs would be impractical. Considering the obvious trip hazard presented by the sidewalk and the mayor’s firsthand knowledge of the sidewalk’s poor condition, a reasonable municipality would have made the appropriate repairs. Therefore, I find no manifest error in the trial court’s rejection of the cost defense.
Having reviewed the remainder of the record, I find sufficient evidence for a reasonable trier of fact to find the sidewalk was unreasonably dangerous. The photographic evidence submitted to this court clearly shows a slab of the sidewalk is broken and depressed, and the edge of the broken slab has a lip of approximately 1 ⅜ to 1 ⅛ inches high, tall enough for a pedestrian'to trip over. Phillip Beard, a civil and structural engineer who testified on behalf of plaintiff, believed the decline and incline of the sidewalk, combined with the 1 ⅜ to 1 ⅜ inch lip, created an unreasonably dangerous condition. As this Court has repeatedly held, determining which expert is more credible is the exclusive provenance of the trial court.[2] “Where the testimony of expert witnesses differ, it is the responsibility of the trier of fact to determine which evidence is the most credible.” *604 Duncan v. Kansas City Southern Railway Co., 00-0066 (La.10/30/00), 773 So.2d 670, 688. I/The trial court found the plaintiffs evidence more compelling; there are no grounds for this Court to disturb this finding.
The majority opinion places great weight on the lack of prior reported injuries on this section of the sidewalk. However, as plaintiff points out, this is not proof that no one has ever tripped there before. At best, we know no one has tripped on this section and suffered a serious injury. Most sidewalk trips result in nothing more than a minor embarrassment and perhaps a skinned knee, and would never be reported. Although the absence of prior reported incidents may be a factor for the trier of fact to consider, it is not an absolute bar to recovery. Numerous courts have found unreasonable risk of harm even where plaintiffs injury was the first reported injury at a certain place.[3] The majority suggests a municipality has no duty to repair a hazard until someone has already been injured, which is a classic example of shutting the barn door after the horse has escaped.
This case is quite similar to our decision in Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1108 (La.1990), in which the plaintiff tripped over a 1 inch ledge at the entrance of a restaurant and suffered serious injuries to her shoulder and hip. The trial court held in favor of plaintiff, but the court of appeal reversed. This Court reinstated the judgment of the trial court, holding it was the duty of the trier of fact to judge which expert was correct and “when there are two permissible views of evidence, a fact finder’s choice between them cannot be manifestly wrong or clearly erroneous.” Id. at 1114. If, as is true in the case sub judice, the trial court’s account of the evidence is plausible in light of the record viewed in its |Bentirety, this Court should not reverse even if we are convinced that, had we been sitting as the trier of fact, we would have weighed the evidence differently. Louisiana’s three-tiered court system allocates the fact finding function to the trial courts, not to the Supreme Court. Virgil v. American Guarantee and Liability Ins. Co., 507 So.2d 825, 826 (La.1987) (per curiam). Therefore, I dissent and would affirm the lower courts’ determination of liability.

. Notably, the phrase "unreasonable risk of harm” is not used in any of the statutes governing premises liability or governmental entity liability. See La. Civ.Code arts. 2317-2317.1 and La.Rev.Stat. § 9:2800. However, Louisiana courts have consistently applied this test in premises liability cases for over thirty-five years, and the doctrine has attained the status of jurisprudence constante. See Dupree v. City of New Orleans, 99-3651 (La.8/31/00), 765 So.2d 1002, 1008; Jones v. Hawkins, 98-1259 (La.3/19/99), 731 So.2d 216, 218; Oster v. DOTD, 582 So.2d 1285, 1288 (La.1991); Landry v. State, 495 So.2d 1284, 1287 (La.1986); Loescher v. Parr, 324 So.2d 441, 446 (La.1975).

. Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173, 1176; Lirette v. State Farm Ins. Co., 563 So.2d 850, 853 (La.1990); Central Louisiana Elec. Co. v. Williams, 181 So.2d 844, 846 (La.App. 2 Cir.1965)("Where experts differ ... the .trial judge is in a better position to determine their credibility and the weight to be accorded their testimony than is the appellate court.”)

. See Beckham v. Jungle Gym, LLC, 45,325 (La.App. 2 Cir. 5/19/10), 37 So.3d 564, 568; Lawrence v. City of Shreveport, 41,825 (La.App. 2 Cir. 1/31/07), 948 So.2d 1179, 1185-86; Buchignani v. Lafayette Ins. Co., 41,384 (La.App. 2 Cir. 8/23/06), 938 So.2d 1198, 1204-05; Temple v. DOTD, 02-1977 (La.App. 1 Cir. 6/27/03), 858 So.2d 569, 578; Hutchison v. Knights of Columbus, Council No. 5747, 02-1817 (La.App. 4 Cir. 5/7/03), 847 So.2d 665, 669; Burdis v. Lafourche Parish Police Jury, 618 So.2d 971, 977 (La.App. 1 Cir.1993).