NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-113

ROBIN ROGERS RICHARD, ET UX.

VERSUS

TOWN OF LAKE ARTHUR, ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-562-14
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Allen Anthony McElroy, Jr.
Robert L. Duffy
McElroy & Duffy (APLC)
P. O. Box 208
Berwick, LA 70342-0208
(985) 384-2157
COUNSEL FOR PLAINTIFFS-APPELLANTS:
    David Richard
    Robin Rogers Richard

John Fayne Wilkes, III
Allison Ackal
Borne, Wilkes, & Rabalais, LLC
P. O. Box 4305
Lafayette, LA 70502-4305
(337) 232-1604
COUNSEL FOR DEFENDANT-APPELLEE:
    Town of Lake Arthur

Timothy W. Hassinger
Patrick J. Schepens
Galloway Johnson Tompkins Burr & Smith
#3 Sanctuary Blvd., 3rd Floor
Mandeville, LA 70471
(985) 674-6680
COUNSEL FOR DEFENDANT-APPELLEE:
    John H. Anderson, Jr.

**PICKETT, Judge.**

Robin Rogers Richard and her husband David appeal the judgment of the trial court granting summary judgment in favor of the Town of Lake Arthur, John Anderson, John Anderson Concrete Finishers, Inc., and Seneca Specialty Insurance Company dismissing their claims against after she fell on a town sidewalk and sustained injuries.

<u>STATEMENT OF THE CASE</u>

Ms. Richard went for a walk on July 11, 2014, with her sister-in-law and her daughter through Lake Arthur. The sidewalk they were travelling on at the time of her fall was immediately adjacent to the roadway on one side and a public park on the other. At the portion of the sidewalk where Ms. Richard fell was a driveway to allow maintenance vehicles to have access to the public park. In addition to sloping up from the street, the sidewalk had sloped transitions on either side running perpendicular to the street. Ms. Richard alleges these transition areas are defective because they do not meet certain standards and that this transition caused her fall. At her deposition, though, she indicated that her last step before she fell was on a flat portion of the new sidewalk, not a sloped portion.

John Anderson Concrete Finishes, Inc. (Anderson) installed the portion of the sidewalk at issue in this case at the direction of Robert Bertrand, mayor of Lake Arthur. Mr. Bertrand did not provide specifications or plans to him, but simply requested that Anderson tear out the old sidewalk and install a driveway. The project was completed and accepted by the city in September 2013.

Ms. Richard claims that the slope of the transition area does not meet certain state and national requirements, and therefore is defective per se. She filed a motion for summary judgment on the issue of liability. Lake Arthur, Anderson,

and its insurer, Seneca Specialty Insurance Co., filed motions for summary judgment alleging that the condition of the sidewalk was open and obvious, and therefore they are not liable. They also asserted statutory immunity from liability.

Following a hearing, the trial court granted summary judgment in favor of the defendants. Based on Ms. Richard's deposition testimony, the trial court found there was no evidence that the sloped area caused Ms. Richard's fall. The trial court also found that the condition of the sidewalk was open and obvious.

Ms. Richard and her husband have appealed that judgment.

## ASSIGNMENTS OF ERROR

On appeal, the Richards assert three assignments of error:

1.  The trial judge erred by not granting summary judgment as filed by Plaintiffs, which was supported by proper documentation admitted into evidence by the trial judge.

2.  The trial judge erred by granting defendants' summary judgments.

3.  Alternatively, in the event Appeal Court does not grant summary for Plaintiffs, then trial judge erred by not finding genuine material issues of facts in dispute to preclude summary judgments.

## DISCUSSION

An appeals court reviews summary judgments de novo, using the same criteria as the trial court. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. In order to prevail on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law. La.Civ.Code art. 966(B)(2); *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. Lousiana Code of Civil Procedure Article 966(C)(2) sets forth the burden of proof in this case:

2

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Summary judgment is appropriate when a plaintiff is unable to meet her burden of proving that a complained-of condition or thing is unreasonably dangerous. *Allen v. Lockwood*, 14-1724 (La. 2/13/15), 156 So.3d 650.

Premises liability of public entities is limited by La.R.S. 9:2800, which states, in pertinent part:

A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.

. . . .

C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

D. Constructive notice shall mean the existence of facts which infer actual knowledge.

. . . .

F. A violation of the rules and regulations promulgated by a public entity is not negligence per se.

In *Campbell v. Evangeline Parish Police Jury*, 2014-1301, pp. 7-8 (La.App. 3 Cir. 5/6/15), 164 So.3d 408, 415, *writ denied*, 15-1067 (La. 9/11/15),

3

176 So.3d 1043, this court explained the elements a plaintiff must prove in a case against a public entity for a fall on a sidewalk:

> [I]in order to recover from a public entity for damages caused by a thing, the plaintiff must prove 1) custody or ownership of the defective thing by the public entity; 2) that the defect created an unreasonable risk of harm; 3) that the public entity had actual or constructive notice of the defect; and 4) that the public entity failed to take corrective action within a reasonable time. *Chambers v. Village of Moreauville*, 11-898 (La.1/24/12), 85 So.3d 593. In determining whether a condition is unreasonably dangerous, the trier of fact should balance the gravity and risk of harm against the cost and feasibility of repair. *Id.*
>
> With regard to defective sidewalks, there is no fixed test for determining whether a defect is unreasonably dangerous; instead, the determination requires "the consideration of whether or not the sidewalk was maintained in a reasonably safe condition for persons exercising ordinary care and prudence." *Id.* at 598. Although public entities are responsible for maintaining their sidewalks in a reasonably safe condition, they are neither required to maintain the sidewalks in perfect condition nor are they the insurers of pedestrians' safety. *Id.*

It is clear from the record that Lake Arthur had custody of the sidewalk at the time of Ms. Richard's fall. We must next determine whether the sidewalk, as constructed, created an unreasonable risk of harm.

> [A] municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonable safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury.
>
> For determining what is a dangerous defect in sidewalk ... there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable (sic) safe condition for persons exercising ordinary care and prudence.

*Boyle v. Bd. of Sup'rs, Louisiana State Univ.*, 96-1158, p. 4 (La.1/14/97), 685 So.2d 1080, 1082 (quoting *White v. City of Alexandria*, 216 La. 308, 314-15, 43 So.2d 618, 620 (1949)). To determine whether a condition is unreasonably dangerous, the supreme court has adopted a four-factor risk-utility balancing test:

> (1) the utility of the thing; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs' activities in terms of its social utility, or whether it is dangerous by nature. *Pitre v. Louisiana Tech University*, 95-1466 (La.5/10/96), 673 So.2d 585, *cert. denied*, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996).

*Pryor v. Iberia Parish Sch. Bd.*, 10-1683, p. 4 (La. 3/15/11), 60 So.3d 594, 597.

In this case, the evidence establishes the utility of the sidewalk and the driveway. Before the sidewalk was reconstructed, there was an asphalt ramp that protruded into the roadway for vehicles to enter the park at that same spot on the sidewalk. The replacement sidewalk allowed vehicles to enter without damaging their undersides and without a ramp protruding into the road.

The likelihood and magnitude of harm was testified to by the mayor, who stated that until Mrs. Richard fell, no person had reported an injury because of the condition of the sidewalk. Mrs. Richard testified in her deposition that she knew from driving past that area there was a driveway at that point in the sidewalk. She also testified that on the day she was injured, she noticed the driveway well before she reached it. Furthermore, the photographs entered into the record show that the concrete of the driveway was lighter in color than the older sidewalk, and there were signs indicating where the driveway was located.

Mrs. Richard makes much of the fact that because the transition area where she allegedly stepped violated codes, which require such areas to have a slope of no greater that 8.33%, the area is defective per se. At the time of her fall, Mrs. Richard and her relatives were walking side-by-side-by-side, with Mrs. Richard nearest the road to the far left side. This is also the point at which the slope in the transition area was most acute. If she felt like she could not negotiate that slope, which she testified that she saw, she only had to move to the right three feet.

5

While Mrs. Richard did suffer from the injuries to her ankles, we find that the likelihood of such damages at this location was low. Furthermore, we find the condition of the sidewalk was obvious and apparent, as established by Mrs. Richard's own testimony.

Mrs. Richard argues that the condition was not obvious and apparent because the failure of the slope to conform to certain standards was not apparent until an engineer surveyed the area as a result of this lawsuit. We disagree with that assessment. The obviousness and apparentness of the condition is determined by the condition of the sidewalk as Mrs. Richard saw it, not as measured by a survey.

The next element in determining whether a thing is unreasonably dangerous is the cost of preventing the harm. Under the facts of this case, Mrs. Richard admitted that she saw the change in slope where the driveway crossed the sidewalk. The record before us does not include any evidence of steps the town could have taken to make the area more obvious to Ms. Richard.

The final element is the social utility of Mrs. Richard's activity. She was using the sidewalk for the purpose intended, and her activity was not dangerous by nature.

Analyzing these factors, we find that the obvious and apparent condition of the sidewalk is sufficient to show that the sidewalk was not unreasonably dangerous. Because the Richards will be unable to prove an essential element of their claim against the defendants, the trial court properly granted summary judgment. The judgment of the trial court is affirmed.

## CONCLUSION

The judgment of the trial court dismissing the Richards' claims against the Town of Lake Arthur, John Anderson, John Anderson Concrete Finishers, Inc., and Seneca Specialty Insurance Company, is affirmed. Costs of this appeal are assessed to the Richards.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.

7